UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CULLEN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RYVYL INC. F/K/A GREENBOX POS, BEN ERREZ, FREDI NISAN, J DREW BYELICK, BENJAMIN CHUNG, EF HUTTON F/K/A KINGWOOD CAPITAL MARKETS, A DIVISION OF BENCHMARK INVESTMENTS, INC. and R.F. LAFFERTY & CO.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 23cv185-GPC(WVG)<br><br>**ORDER GRANTING MOVANT COOK'S UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>[Dkt. No. 7.] |

　　　This is a putative securities fraud class action brought on behalf of persons or entities "who purchased or otherwise acquired publicly traded Ryvyl securities: (1) pursuant and/or traceable to the registration statement and prospectus [ ] issued in connection with the Company's January 29, 2021 public offering [ ]; and/or (2) between January 29, 2021 and January 20, 2023, inclusive [ ]." (Dkt. No. 1, Compl. ¶ 1.)

　　　Movant Scot S. Cook ("Movant Cook") filed a motion to be appointed Lead Plaintiff pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), the

Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and approving his selection of Glancy Prongay & Murry LLP as Lead Counsel in this class action for violations of the federal securities law.  (Dkt. No. 7.)  On the same date, Movants Suresh Paidi, Donald Esler ("Esler"), and Mike Glenn, Jr. ("Glenn") also filed motions to be appointed Lead Plaintiff and approval of their Lead Counsel.  (Dkt. Nos. 5, 6, 8.)  However, they have since filed a notice of non-opposition to competing motions for appointment as lead plaintiff and approval of selection of counsel and/or a notice of withdrawal of their motions.  (Dkt. Nos. 11, 15, 16, 17, 19.)  On April 27, 2023, Defendants filed a response indicating they take no position on these motions.  (Dkt. No. 14.)  On April 28, 2023, Movant Cook, the sole remaining movant, filed a notice that his motion for appointment as Lead Plaintiff and approval of Lead Counsel is now unopposed.  (Dkt. No. 18.)

## Discussion

### A.   Appointment of Lead Plaintiff

There is a "simple three-step process" to identify the lead plaintiff under the PSLRA.  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  First, no later than 20 days after filing a class action securities complaint, a private plaintiff or plaintiffs must publish a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted, the purported class period, and that any member of the purported class may move the court to serve as lead plaintiff no later than 60 days after the date of the notice.  15 U.S.C. § 78u-4(a)(3)(A)(i); *see also* 15 U.S.C. § 77z-1(a)(3)(A)(i).  Here, the notice of the pendency of the action was published on February 1, 2023 and the motion to appoint lead plaintiff was timely filed on April 3, 2023.  (Dkt. No. 7-3, Rajesh Decl., Ex. A.)

Second, the Court must appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(i).  The presumptively most adequate plaintiff is the one who

"has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.  It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d at 730; *see also In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).

  Here, Movant Cook claims he believes he has the largest financial interest among the movants and is presumptively the "most adequate plaintiff." (Dkt. No. 7-1 at 6.[1])  He asserts he lost $1,511,771.00.  (Dkt. No. 7-5, Rajesh Decl., Ex. C.)  The other three movants have withdrawn their motions, (Dkt. Nos. 11, 16, 19), and movants Esler and Glenn acknowledge that they do not have the "largest financial interest" in the litigation within the meaning of the PSLRA.  (Dkt. Nos. 15, 17.)  Accordingly, the Court finds that Movant Cook is the member with the largest financial interest in the relief sought by the class.

  On the second step, the Court also considers whether Rule 23's typicality and adequacy requirements are met and whether a preliminary showing has been made. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) ("At this stage, the focus is primarily on the typicality and adequacy of representation requirements and only a preliminary showing is necessary.") (citations omitted).  Rule 23(a)(3) provides that the "claims . . . of the representative parties" be "typical of the claims . . . of the class."  Fed. R. Civ. P. 23(a)(3).  The Court looks at whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named

---

[1] Page numbers are based on the CM/ECF pagination.

plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The claims must be "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Similar to the other class members, Movant Cook purchased Ryvyl securities during the Class Period and suffered losses. (Dkt. No. 7-1 at 7.) His losses arise from the artificial inflation of Ryvyl common stock price caused by Defendants' alleged misrepresentations and omissions. (*Id.*) As a result, his claims are typical of the claims of the class as they arise from the same events and are based on the same legal theory as the claims of the other class members.

Next, Rule 23(a)(4) provides that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is "adequate" when the interests of the plaintiff and his counsel do not conflict with the interests of other class members, and the plaintiff and his counsel will prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020.

Movant Cook has a substantial financial stake in the litigation providing him with the incentive to litigate vigorously to represent the Class's claims and there are no facts of any actual or potential conflict of interest between it and the other class members. (Dkt. No. 7-1 at 7-8.) Moreover, he has retained competent and experienced counsel with resources and expertise in the area of complex securities class litigation and is capable of representing the interests of the Class. Therefore, the Court concludes that Movant Cook is presumptively the most adequate plaintiff. *See In re Mersho*, 6 F.4th at 899 (moving plaintiff "becomes the presumptive most adequate plaintiff" once the district court determines "that the movant with the largest stake has made a prima facie showing of adequacy and typicality").

On the third step, the presumption that Movant Cook is the most adequate Lead Plaintiff may be rebutted only upon proof by a member of the purported plaintiff class

that he will not fairly and adequately protect the interests of the class or is subject to unique defenses that render him incapable of adequately representing the class. *See In re Cavanaugh*, 306 F.3d at 730 ("The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."); *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Here, no member of the purported class has opposed the motion or come forward with such proof. Therefore, because Movant Cook is presumptively the most adequate plaintiff, the Court GRANTS his motion for appointment as Lead Plaintiff.

**B.     Approval of Selection of Lead Counsel**

Under the PSLRA, once the court has designated a lead plaintiff, that plaintiff "shall subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(v). If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice. *Cohen v. United States Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009). In light of the firm's substantial experience in securities class action litigation, (Dkt. No. 7-6, Rajesh Decl., Ex. D), the Court APPROVES Movant Cook's choice of Glancy Prongay & Murray LLP as Lead Counsel.

### Conclusion

Based on the reasoning above, the Court appoints Scot S. Cook as Lead Plaintiff and approves Glancy Prongay & Murray LLP as Lead Counsel for the class.

The hearing date set on May 26, 2023 shall be **vacated**.

IT IS SO ORDERED.

Dated:  May 9, 2023

Hon. Gonzalo P. Curiel
United States District Judge