ROBERT V. PRONGAY (#270796)
  *rprongay@glancylaw.com*
EX KANO S. SAMS II (#192936)
  *esams@glancylaw.com*
CHARLES LINEHAN (#307439)
  *clinehan@glancylaw.com*
PAVITHRA RAJESH (#323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff*
*Scot S. Cook*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CULLEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>RYVYL INC. F/K/A GREENBOX POS, BEN ERREZ, FREDI NISAN, J DREW BYELICK, BENJAMIN CHUNG, EF HUTTON F/K/A KINGWOOD CAPITAL MARKETS, A DIVISION OF BENCHMARK INVESTMENTS, INC. and R.F. LAFFERTY & CO.,<br><br>        Defendants. | Case No. 3:23-cv-00185-GPC-WVG<br><br>**PLAINTIFF'S OBJECTION TO NOTICE OF RELATED CASE** |

## I.   INTRODUCTION

Pursuant to Civil Local Rule 40.1(g), Lead Plaintiff Scot S. Cook ("Plaintiff") hereby objects to the Notice of Related Case filed on July 14, 2023, by Defendants RYVYL Inc., Ben Erraz, Fredi Nisan, and Benjamin Chung ("Defendants").  Doc. 35.  Defendants claim that an action filed on June 22, 2023 entitled *Christy Hertel, derivatively on behalf of RYVYL Inc., f/k/a Greenbox POS v. Ben Errez et al.*, Case No. 3:23-CV-01165-GPC-SBC ("Derivative Action"), meets the criteria for a related case set forth in Civil Local Rule 40.1 because it purportedly "involves: (1) some of the same parties and is based on the same or similar claims; (2) the same property, transactions, or events; and (3) substantially the same facts and questions of law."  *Id*.  As demonstrated below, however, Plaintiff respectfully submits that Defendants have not adequately demonstrated that the Derivative Action meets the criteria for a related action pursuant to Civil Local Rule 40.1.

## II.   ARGUMENT

Civil Local Rule 40.1(f) provides the following:

> Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to another pending action or proceeding on file in this or any other federal or State Court (whether pending, dismissed, or otherwise terminated), counsel must promptly file and serve on all known parties to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related, together with a detailed statement of their relationship and the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial effort and other economies.

Civil Local Rule 40.1(g) provides, in part, that "[w]ithin seven days of receiving service of a Notice of Related Case or seven days of first appearing in the case, whichever is later, any party to the case may file and serve a detailed statement setting forth reasons that the case does not qualify as a related case under these rules."

Defendants' only attempt to provide a "detailed statement" of the relationship between the two cases "and the reasons why assignment to a single district judge is

or is not likely to effect a saving of judicial effort and other economies" is their claim that "as in the present action, the Derivative Action involves: (1) Defendants RYVYL Inc. f/k/a Greenbox POS ("RYVYL Inc."); Ben Errez; Fredi Nisan; J. Drew Byelick; and Benjamin Chung; (2) Claims involving violations of Section 11 of the Securities Act of 1933; violations of Section 10(b), 20(a), and Rule 10b-5 of the Securities Exchange Act of 1934; and (3) Allegations of misconduct by officers and/or directors of RYVYL, Inc., including the failure to implement adequate internal controls." Doc. 35.

Defendants' showing, however, is insufficient. First, assignment to a single district judge is not likely to effect a saving of judicial effort and other economies because this securities class action is fundamentally different from the Derivative Action. Indeed, the very nature of the Derivative Action – as an action brought **on behalf of** RYVYL, as opposed to this pending securities class action, which is brought **against** the Company – demonstrates that the relief sought through the pending securities class action is fundamentally different from the relief sought in the Derivative Action. *See, e.g.*, *Koenig v. Benson,* 117 F.R.D. 330, 334-335 (E.D.N.Y. 1987) ("When a Plaintiff brings a derivative suit seeking recovery for the corporation and simultaneously files a class suit for damages against that same corporation, there is an inherent conflict."); *Diana v. Merrill Lynch Pierce Finner & Smith, Inc.,* 1977 WL 1046 at * 3 (S.D.N.Y. October 5, 1977) ("A plaintiff cannot bring a class action against a corporation and at the same time bring a derivative action on behalf of that corporation.").

Second, although there are some similarities between the securities class action and the Derivative Action, the fundamental differences between the two cases outweigh the similarities such that the cases cannot be deemed related, much less consolidated. For instance, the Derivative Action asserts causes of action that are not at issue in the securities class action, including: (1) violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"); (2) breach of fiduciary

duties; (3) unjust enrichment; (4) waste of corporate assets; (5) abuse of control; and (6) gross mismanagement. These causes of action involve vastly different legal and factual issues that are not present in the securities class action that preclude a finding of relatedness. And even for the claims that involve similar legal issues, the factual nature of the allegations renders them considerably different.

The decision in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2003 WL 21011757 (N.D. Ill. May 5, 2003), is instructive. In *Jaffe*, a party filed a Motion for a Finding of Relatedness involving a securities class action and a derivative action. *Id*. at *1. The court held, however, that the causes of action in the securities class action and the derivative action "are fundamentally distinct." *Id*. at *2. The court reasoned that "the facts required to prove the elements of the [Securities] Exchange Act violation . . . in the [securities class action] case are clearly substantially different than the facts needed to hold [defendants] liable on the various legal theories forwarded in the [derivative] case. Accordingly, the Court finds that its handling of both cases would not be likely to result in a substantial saving of judicial time and effort." *Id*. Additionally, like the Derivative Action here, the derivative case in *Jaffe* involved "many issues of fact that are not at issue" in the securities class action, including allegations of wasted corporate assets, unjust enrichment, and breach of fiduciary duties. *Id*. Thus, "while both cases involve at least some common issues of fact, these commonalities are not so great as to outweigh the dissimilarities." *Id*.

## III. CONCLUSION

For the foregoing reasons, Defendants have not demonstrated that the Derivative Action meets the criteria for a related action pursuant to Civil Local Rule 40.1. Additionally, to the extent that Defendants seek the consolidation of the two actions, Defendants have similarly failed to make an appropriate showing. Accordingly, Plaintiff objects to Defendants' Notice of Related Case.

PLAINTIFF'S OBJECTION TO NOTICE OF RELATED CASE

DATED:  July 21, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: _s/ Ex Kano S. Sams II_

Robert V. Prongay
Ex Kano S. Sams II
Charles Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  info@glancylaw.com

_Attorneys for Lead Plaintiff Scot S. Cook_

PLAINTIFF'S OBJECTION TO NOTICE OF RELATED CASE

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On July 21, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 21, 2023, at Los Angeles, California.

*s/ Ex Kano S. Sams II*
Ex Kano S. Sams II