J. DREW BYELICK, Defendant *pro se*
7700 Jefferson Circle
Colleyville, Texas 76034
Tel: (949) 413-4633

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARK CULLEN *et al*,

      Plaintiffs,

v.

RYVYL, INC., F/K/A GREENBOX POS *et al,*

      Defendants.

_____

    \* Case No. 23-cv-0185 GPC -AGS

**DEFENDANT J. DREW BYELICK'S VERIFIED REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR VIOLATION OF SECURITIES LAWS PURSUANT TO RULES 9(b), 12(b)(6) AND PSLRA OF 1995 FOR LACK OF EVIDENCE OF *SCIENTER* AND SUPPORTING MEMORANDUM**

**JURY TRIAL DEMANDED**

     COMES NOW, Defendant **J. DREW  BYELICK** ("Defendant Byelick") and timely files this his Reply Brief in support of his motion to dismiss the Plaintiffs' Class Action Complaint for Violation of Securities Laws ( **Dkt. No. 33)** (the "Amended Complaint"), pursuant to **FRCP 12(b)(6)** and **9(b)** and the Private Securities Litigation Reform Act of  1995, Pub. L. 104-67, 109 Stat. 737 ("Reform Act") for failure to state a claim due to a complete lack of evidence showing the required element of *scienter* on the part of Defendant Byelick.

    In support thereof, Defendant Byelick further shows the Court the following (all references herein to exhibits are to exhibits attached to Defendant Byelick's Motion to Dismiss [**Dkt. No. 53**], all of which are incorporated herein by reference thereto):

*Cullen et al v. Ryvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

**I.    Overview**.

1.    Defendant Byelick has already shown in his Motion to Dismiss (**Dkt. No. 53**) that Plaintiffs have not and cannot allege in any version of their Amended Complaint any set of facts setting forth wrongful acts and/or omissions by Defendant Byelick during the eight month period (August 16, 2022 through March 3, 2023, during which Byelick served as the Chief Financial Officer of defendant RYVYL INC. ( the "Byelick CFO Period") with the particularity required by **FRCP Rule (9b), any of which** separately or collectively establish the required element of *scienter* on the part of Defendant Byelick  for any  such alleged misrepresentation(s) or other malfeasances set forth in such Amended Complaint.  Plaintiffs' Amended Complaint must therefore  be dismissed for failure to state a claim against Defendant Byelick pursuant to Rules 9(b), 12(b)(6), and the Reform Act.

2.    In particular, as set forth in Defendant Byelick's Motion to Dismiss [**Dkt. No. 53**]**,** because Defendant Byelick first became the Chief Financial Officer of Defendant RYVYL INC. in **August, 2022**, Byelick played no role whatsoever in any of the following RYVYL INC. SEC filings:

(A),   the preparation and/or filing of the RYVYL INC. [fka Greenbox] Registration Statement filed with the SEC in January. 2021);

(B), the RYVYL INC. Prospectus filed with the SEC in February, 2021; and/or

( C), the RYVYL INC. Form S-3, which was filed with the SEC in July, 2021 -

*Cullen et al v. Ryvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*                    1

**all of which occurred and were filed more than a year before Byelick became the  RYVYL INC Chief Financial Officer.**


**3.**    Accordingly, because Plaintiffs cannot show any set of facts evidencing any wrongdoing or malfeasance, let alone *scienter*, on the part of Defendant Byelick relating to or arising out of SEC filings made by RYVYL INC. before **August, 2022**,  when Byelick first became the RYVYL CFO, Counts I, II and II of Plaintiffs' Amended Complaint [**Dkt. No. 33**] must, as a matter of law, be DISMISSED with prejudice against Defendant BYELICK, because such claims are allegedly based on:

 (1) alleged violations of Section 11 of the Securities Act by RYVYL arising out of the **January 2021 **RYVYL Registration Statement (Count I );

(2), alleged violations of §12(a)(2) of the Securities Act **also **in the **January 2021 ** RYVYL INC. Registration Statement (Count II);  and

(3), alleged violations of §15 of the Securities Act **also **in the **January 2021 ** RYVYL INC. Registration Statement (Count III).


4.    Moreover, because Plaintiffs have asserted only conclusory statements and no admissible evidence of wrongdoing by Defendant Byelick in support of their claim (Count IV)  that Defendant Byelick violated either § 10(b) of the Securities Act and Rule 10(b) (5) or § 20(a) of the Exchange Act (Count V) arising out of Byelick's execution of the RYVYL 2022 Third Quarter financial operation results in the November, 2022 RYVYL SEC Form 10-Q, both Counts IV and V of Plaintiffs' Amended Complaint must be DISMISSED WITH

PREJUDICE as to Defendant Byelick. **(Byelick MTD, Dkt. No. 53**, **Exhibit 2**, the November 2022 SEC Form 10-Q), the **ONLY SEC Financial Reporting FILING** executed by Defendant Byelick at any time for or on behalf of Defendant RYVYL, INC. **Byelick MTD, Dkt. No. 53, Exhibit 1**, Byelick Declaration, ¶¶ 3( c), 43, 45.

## II.      Applicable Legal Standard.

### A.       Legal Standards- Motion to Dismiss

5.      As set forth in Defendant Byelick's Notion to Dismiss Amended Complaint [**Dkt. No. 53**], although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6.      The complaint must indicate more than mere speculation of a right to relief. *Id*. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558.

7.      A complaint may be lacking for one of two reasons: (I) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

8.      In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*                    3

9.      The question for the Court is whether the facts in the Complaint sufficiently state a "plausible" ground for relief. *Twombly*, 550 U.S. at 570.

**B.      The Applicable Pleading Requirements**

**1.      § 10(b).**

10.     Under § 10(b) of the Securities Exchange Act, it is "unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of  the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors. <u>15 U.S.C. § 78j</u> (footnote omitted).

11.     Rule 10b-5, promulgated by the SEC under § 10(b), further provides that

..."a person may not employ any device, scheme, or artifice to defraud[;] . . . make any untrue statement of a material fact or [] omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading[;] or . . . engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security. **17 C.F.R. § 240.10b-5.**

12.     To state a claim under § 10(b) and Rule 10b-5, Plaintiffs must show

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*                4

"(1) a material misrepresentation or omission by the defendant;  (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Matrixx Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 37–38 (2011) (quoting *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 157 (2008)).

13.     The  focus in this Motion to Dismiss is on *scienter*, the second of these elements. The standard for pleading *scienter* is established by the Private Securities Litigation Reform Act (PSLRA), which requires that a complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A).

14.     A "strong inference" that a defendant acted with scienter is not an irrefutable inference, though it "must be more than merely plausible or reasonable." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

15.     A "strong inference" cannot be identified "in  a vacuum," as "[t]he inquiry is inherently comparative[.]" *Id*. at 323.

16.     Rather, a "strong inference" is an inference that is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id*. at 324.

17.     To determine whether a "strong" inference has been pleaded, "the reviewing court must ask: when the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of *scienter* at least as strong as any opposing inference?" Id. at 326; *see also Matrixx Initiatives v.*

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          5

*Siracusano*, 563 U.S. 27, 48–50 (2011).

18.     Ninth Circuit case law has held that plaintiffs can meet this standard by alleging facts demonstrating an "intent to deceive, manipulate, or defraud" or "deliberate recklessness." *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1144 (9th Cir. 2017) (quoting *Schueneman v. Arena Pharm.*, 840 F.3d 698, 705 (9th Cir. 2016)).   "Deliberate recklessness is an extreme departure from the standards of ordinary care[,] which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *City of Dearborn Heights Act v 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 619 (9th Cir. 2017).

### **"Particularity" pleading requirements of FRCP 9(b)**

19.     Allegations of securities fraud must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see In re VeriFone*, 704 F.3d at 701.

### **3.      Pleading Standard Under the Securities Exchange Act of 1934 and the Private Securities Litigation Reform Act ("PSLRA")**

20.     Section 10(b) of the Exchange Act makes it unlawful for any person to

"use  or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance[.]" **15 U.S.C. § 78j(b).**

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          6

21.     SEC Rule 10b–5 imposes liability on any person who "make[s] any untrue statement of a material fact" or "omit[s] to state a material fact necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading." 17 C.F.R. § 240.10b–5(b).

22.     To state a Section 10(b) claim, a plaintiff must allege: (1) a material misstatement or omission by the defendant; (2) scienter; (3) a connection between the material misrepresentation and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014).

23.     Under the PSLRA, Section 10(b) claims must be pled with particularity. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

24.     The PSLRA heightens the particularity required but does not convert a motion to dismiss into a trial by papers. *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (even in PSLRA cases, courts must accept all factual allegations in the complaint as true). Further, courts are cautioned against allowing heightened pleading standards to make it "near impossible" to state a fraud claim. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          7

**C.**    *Scienter*.

25.    *Scienter* is the "mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976). Under the PSLRA, the complaint must plead a "strong inference" that defendants10 acted intentionally or with deliberate recklessness.

26.    "Reckless conduct may be defined as a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1093 (9th Cir. 2010) (citing *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1569 (9th Cir. 1990)).

27.    "[D]eliberate recklessness" that "reflects some degree of intentional or conscious misconduct" is necessary to plead scienter. *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1051 (9th Cir. 2011), *abrogated on other grounds by Lorenzo v. SEC*, 139 S. Ct. 1094 (2019).

28.    In determining whether a defendant acted with scienter, a court considers "opposing inferences" and "plausible, non-culpable explanations."

*Cullen et al v. Ryvvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*                8

*Tellabs, Inc.*, 551 U.S. at 323-24.

29. A complaint survives only if the culpable inference is "at least as compelling" as the non-culpable inference. *Id.* at 324.When analyzing the sufficiency of a plaintiff's scienter pleadings, a court must "determine whether any of the allegations, standing alone, are sufficient to create a strong inference of scienter." *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1095 (9th Cir. 2011).

30. If no individual allegation is sufficient, the Court conducts a "'holistic' review of the same allegations to determine whether the insufficient allegations combine to create a strong inference of intentional conduct or deliberate recklessness." *Id.* (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d at 991-92 (9th Cir. 2009)).

31. Failure to satisfy the PSLRA's heightened pleading standard requires dismissal of the complaint. 15 U.S.C. § 78u-4(b)(3)(A)(emphasis added).

*Cullen et al v. Ryvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          9

### III. Defendant Byelick was Not Involved in the Preparation or Filing of ANY SEC Registration, Prospectus, Form S-3 or Other SEC Financial Reporting Filing for Defendant RYVYL other than the RYVYL INC. November 2022 Form 10-Q.

32. As set forth throughout Defendant Byelick's Motion to Dismiss (**Dkt. No. 53**), Byelick served as Chief Financial Officer of Defendant RYVYL Inc. ("Defendant RYVYL INC. or the "Company") for less than eight (8) months during the period of August 16, 2022 through and including March 3, 2023 (hereinafter, the "**Byelick CFO Period**"). **Byelick MTD, Dkt. No. 53, Exhibit 1**, Declaration of Defendant J. Drew Byelick, ¶ 2; **Byelick MTD, Dkt. No. 53 Exhibit 4**, August 2022 RYVYL INC. SEC Form 8-K; **Byelick MTD, Dkt. No. 53, Exhibit 9**, March 2023 RYVYL INC. SEC Form 8-K.

33. Defendant Byelick was not employed by or otherwise associated with Defendant RYVYL INC. [fka Greenbox, Inc.] in any manner shape or form in the years 2020 and 2021, or during the first six months of 2022. **Byelick MTD, Dkt. No. 53, Exhibit 1**, Declaration of Defendant J. Drew Byelick, ¶ 2

34. The only RYVYL INC. SEC financial reporting filing signed by Defendant Byelick was the November, 2022 SEC Form 10-Q, which set forth

RYVYL INC.'s financial results for the third quarter, 2022 ("3Q22"), which was compiled with earlier 2022 financial results on a year-to-date basis.  **Byelick MTD, Dkt. No. 53, Exhibit 1**, Byelick Declaration,  ¶¶ 3( c), 43, 45; **Byelick MTD, Dkt. No. 53**, **Exhibit 2**, November 2022 SEC Form 10-Q.

35.    Defendant Byelick was not involved in any manner, shape, or form with the preparation and/or filing of any of the following:

A.    the  RYVYL (Greenbox) Jan. 2021 SEC Registration (**Byelick MTD, Dkt. No. 53**, **Exhibit 3**);

B.    the  RYVYL (Greenbox)  Feb. 2021 SEC Prospectus (**Byelick MTD, Dkt. No. 53**, **Exhibit 5**, February 2021 RYVYL INC. SEC Prospectus); nor

C.    the  RYVYL INC.  July 2021 SEC S-3 Filing (**Byelick MTD, Dkt. No. 53**, **Exhibit 6.**

36.    Moreover, Plaintiffs have failed to assert any wrongful act or omission or misrepresentation of any kind relating to or arising out of Defendant Byelick's involvement in the preparation and filing of the November, 2022

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          11

RYVYL INC. Form 10-Q and, more particularly, in the reporting of RYVYL INC.'s  financial operating results for the third quarter of 2022 as set forth in November 2022 SEC Form 10-Q **(Byelick MTD, Dkt. No. 53**, **Exhibit 2**, the November 2022 SEC Form 10-Q), the **ONLY SEC Financial Reporting FILING** executed by Defendant Byelick at any time for or on behalf of Defendant RYVYL, INC. **Byelick MTD, Dkt. No. 53, Exhibit 1**, Byelick Declaration,  ¶¶ 3( c), 43, 45.

37.     Instead, in their opposition to Defendant Byelick's Motion to Dismiss, Plaintiffs only repeat conclusory allegations and incorrectly claim that Plaintiffs have made " a detailed factual statement contradicting important data to which she (*sic)* had access" [Plaintiffs' Opposition Brief" (**Dkt. No. 58**, p. 21), when Plaintiffs have clearly failed any showing of the required facts of specific wrongdoing by Defendant Byelick relating to or arising out of any RYVYL INC. SEC filing made during the period of August 17, 2022, through March 3, 2023.

### IV.     Plaintiffs' Claims Must Be Dismiss because the Allegations set forth in their Amended Complaint do not support a finding of *Scienter.*

38.     As set forth above, because Defendant Byelick first became the Chief

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          12

Financial Officer of Defendant RYVYL INC. in **August, 2022**, Byelick played no role whatsoever in any of the following RYVYL INC. SEC filings:

(A), the preparation and/or filing of the RYVYL INC. [fka Greenbox] Registration Statement filed with the SEC in January. 2021);

(B), the RYVYL INC. Prospectus filed with the SEC in February, 2021; and/or

( C), the RYVYL INC. Form S-3, which was filed with the SEC in July, 2021 -

**all of which occurred and were filed more than a year before Byelick became the  RYVYL INC Chief Financial Officer.**

39.     Accordingly, because Plaintiffs cannot show any set of facts evidencing any wrongdoing or malfeasance, let alone *scienter*, on the part of Defendant Byelick relating to or arising out of SEC filings made by RYVYL INC. before **August, 2022**,  when Byelick first became the RYVYL CFO, Counts I, II and II of Plaintiffs' Amended Complaint [**Dkt. No. 33**] must, as a matter of law, be DISMISSED with prejudice against Defendant BYELICK, because such claims are allegedly based on:

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          13

(1) alleged violations of Section 11 of the Securities Act by RYVYL arising out of the **January 2021** RYVYL Registration Statement (Count I );

(2), alleged violations of §12(a)(2) of the Securities Act **also** in the **January 2021** RYVYL INC. Registration Statement (Count II);  and

(3), alleged violations of §15 of the Securities Act **also** in the **January 2021** RYVYL INC. Registration Statement (Count III).

40.    Moreover, because Plaintiffs have asserted only conclusory statements and no admissible evidence of wrongdoing by Defendant Byelick in support of their claim (Count IV)  that Defendant Byelick violated either § 10(b) of the Securities Act and Rule 10(b) (5) or § 20(a) of the Exchange Act (Count V) arising out of Byelick's execution of the RYVYL 2022 Third Quarter financial operation results in the November, 2022 RYVYL SEC Form 10-Q, both Counts IV and V of Plaintiffs' Amended Complaint must be DISMISSED WITH PREJUDICE as to Defendant Byelick.  **(Byelick MTD, Dkt. No. 53**, **Exhibit 2**, the  November 2022 SEC Form 10-Q), the **ONLY SEC Financial Reporting FILING** executed by Defendant Byelick at any time for or on behalf of Defendant RYVYL, INC. **Byelick MTD, Dkt. No. 53, Exhibit 1**, Byelick Declaration,

¶¶ 3( c), 43, 45.

### V.    Conclusion.

As set forth herein, because Plaintiffs cannot show any set of facts evidencing any wrongdoing or malfeasance, let alone *scienter*, on the part of Defendant Byelick relating to or arising out of SEC filings made by RYVYL INC. before **August, 2022**,  when Byelick first became the RYVYL CFO, Counts I, II and II of Plaintiffs' Amended Complaint [**Dkt. No. 33**] must, as a matter of law, be DISMISSED with prejudice against Defendant BYELICK, because such claims are allegedly based on:

(1) alleged violations of Section 11 of the Securities Act by RYVYL arising out of the **January 2021** RYVYL Registration Statement (Count I );

(2), alleged violations of §12(a)(2) of the Securities Act **also** in the **January 2021** RYVYL INC. Registration Statement (Count II);  and

(3), alleged violations of §15 of the Securities Act **also** in the **January 2021** RYVYL INC. Registration Statement (Count III).

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          15

Finally, as set forth above,  because Plaintiffs have asserted only conclusory statements and no admissible evidence of wrongdoing by Defendant Byelick in support of their claim (Count IV)  that Defendant Byelick violated either § 10(b) of the Securities Act and Rule 10(b) (5) or § 20(a) of the Exchange Act (Count V) arising out of Byelick's execution of the RYVYL 2022 Third Quarter financial operation results in the November, 2022 RYVYL SEC Form 10-Q, both Counts IV and V of Plaintiffs' Amended Complaint must be DISMISSED WITH PREJUDICE as to Defendant Byelick.  **(Byelick MTD, Dkt. No. 53**, **Exhibit 2**, the  November 2022 SEC Form 10-Q), the **ONLY SEC Financial Reporting FILING** executed by Defendant Byelick at any time for or on behalf of Defendant RYVYL, INC. **Byelick MTD**, **Dkt. No. 53, Exhibit 1**, Byelick Declaration, ¶¶ 3( c), 43, 45.

Thus, because Plaintiffs' Amended  Complaint fails to plead particularized allegations of fact supporting a strong inference of *scienter* against  Defendant **Byelick** in particular (who served as Chief Financial Officer of the Company for less than eight (8) months,   Plaintiffs' Amended Complaint must be dismissed against Defendant J. Drew Byelick in its entirety for failure to state a claim. *See,*

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

*e.g, N. M. State Inv. Council v. Ernst & Young LLP*,  641 F.3d 1089, 1095 (9th Cir. 2011); *Webb v Solarcity Corp.,* 884 F.3d 844, 855 (9th Cir. 2018).

This __ day of October, 2023.

_____
J. DREW BYELICK, Defendant *pro se*

7700 Jefferson Circle
Colleyville, Texas 76034
Tel: (949) 413-4633

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          17

## **VERIFICATION OF DEFENDANT J. DREW BYELICK**

COMES NOW, **J. DREW BYELICK**, a named defendant in the above-styled matter, and, pursuant to 28 U.S.C. §1746, hereby certifies, under penalty of perjury, that all statements of fact contained herein in this Reply Brief in support of Defendant Byelick's Motion to Dismiss are true, and all documents attached hereto, are true and/or true copies of the originals of the same.

This __ day of October, 2023.

_____
J. Drew Byelick, Defendant *pro se*

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*          18

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the attached and foregoing

Plaintiff's Verified Reply Brief in support of Defendant Byelick's Motion to

Dismiss  has been served, via CM/ ECF, to all counsel of record in the above-

styled matter.


**<u>Dated</u>** :   October __, 2023.

_____
J. Drew Byelick, Defendant *pro se*

7700 Jefferson Circle
Colleyville, Texas
Tel: (949) 413-4633

*Cullen et al v. Ryyvyl Inc. et al,* Case No. 22-cv-0185-GPC-AGS

U. S District Court for the Southern District of California

Defendant Byelick's Verified Reply Brief/Motion to Dismiss for Lack of *Scienter*