ROBERT V. PRONGAY (#270796)
  rprongay@glancylaw.com
EX KANO S. SAMS II (#192936)
  esams@glancylaw.com
CHARLES LINEHAN (#307439)
  clinehan@glancylaw.com
PAVITHRA RAJESH (#323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff
Scot S. Cook*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CULLEN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RYVYL INC. F/K/A GREENBOX POS, BEN ERREZ, FREDI NISAN, J DREW BYELICK, BENJAMIN CHUNG, EF HUTTON F/K/A KINGSWOOD CAPITAL MARKETS, A DIVISION OF BENCHMARK INVESTMENTS, INC., and R.F. LAFFERTY & CO., <br><br> Defendants. | Case No.  3:23-cv-0185-GPC-SBC <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT J. DREW BYELICK'S NOTICE REGARDING FILING OF SECOND AMENDED COMPLAINT AND REQUEST FOR VOLUNTARY DISMISSAL OF J. DREW BYELICK AS A DEFENDANT WITHOUT PREJUDICE** <br><br> Room:    2D <br> Judge:    Hon. Gonzalo P. Curiel |

Lead Plaintiff Scot S. Cook ("Lead Plaintiff") hereby responds to pro se Defendant J. Drew Byelick's ("Byelick") Notice Regarding the filing of a Second Amended Complaint and Request for an Order Dismissing All Claims Against Byelick With Prejudice.  Doc. 74.

On March 26, 2024, Lead Plaintiff and Defendants RYVYL Inc., Ben Erraz, Fredi Nisan, Benjamin Chung, EF Hutton, and R.F. Lafferty & Co. (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties") submitted a Joint Motion Regarding the Filing of a Second Amended Complaint and Briefing Scheduling Regarding Motions to Dismiss ("Joint Motion").  Doc. 72.  Within the Joint Motion, the Parties stipulated that Lead Plaintiff shall file a Second Amended Complaint on or before April 30, 2024.  *Id*.  The Parties also stated within the Joint Motion that Lead Plaintiff does "not intend to name J. Drew Byelick as a defendant in the Second Amended Complaint and therefore he is not a party to this Joint Motion."  *Id*. at 2 n.1.  The Court granted the Joint Motion on March 28, 2024.  Doc. 73.  Thus, Defendant Byelick's notice and request for an order dismissing all claims against him is moot considering Lead Plaintiff's decision not to name Defendant Byelick as a defendant in the Second Amended Complaint.  Indeed, Lead Plaintiff simultaneously submits a proposed order to this effect.

The only issue that remains, however, is whether the dismissal of Defendant Byelick should be with or without prejudice.  Lead Plaintiff contends that the dismissal should be without prejudice because Defendant Byelick has failed to demonstrate legal prejudice.  "Rule 41(a) [of the Federal Rules of Civil Procedure] governs a plaintiff's ability to voluntarily dismiss an action."  *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 n.4 (9th Cir. 2023).[1]  "Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss an action prior to service by the

---

[1]     Unless otherwise indicated, all emphasis is added and all internal citations and quotations are omitted.

PLAINTIFF'S RESPONSE TO DEFENDANT J. DREW BYELICK'S NOTICE REGARDING FILING OF SECOND AMENDED COMPLAINT
Case No.  3:23-cv-0185-GPC-SBC

defendant of an answer or a motion for summary judgment." *Id*. "But once the defendant serves an answer or motion for summary judgment (and unless the parties stipulate to dismissal)," a plaintiff must seek "voluntary dismissal under Rule 41(a)(2)." *Id.* "Rule 41(a)(2), in turn, permits a plaintiff to voluntarily dismiss an action only by court order, on terms that the court considers proper." *Id*.

The Ninth Circuit, however, has "cabined that discretion by repeatedly holding that where the request is to dismiss without prejudice, [a] District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id*. at 1279; *see also WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 n.6 (9th Cir. 2011), *abrogated by Lorenzo v. Sec. & Exch. Comm'n*, 139 S. Ct. 1094, 203 L. Ed. 2d 484 (2019) (same). Thus, "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

"Legal prejudice does not result merely because a defendant will be inconvenienced by potentially having to defend the action in a different forum or because the dispute will remain unresolved." *WPP*, 655 F.3d at 1059 n.6. Indeed, "[u]ncertainty because a dispute remains unresolved is not legal prejudice," and "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Kamal*, 88 F.4th at 1280. Additionally, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice," and "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id*.

The decision in *Fischman on behalf of Sempra Energy & S. California Gas Co. v. Reed*, No. 16-CV-1006-WQH-AGS, 2017 WL 3337162 (S.D. Cal. Aug. 4, 2017), is instructive. On March 3, 2017, the court in *Fischman* granted defendants'

PLAINTIFF'S RESPONSE TO DEFENDANT J. DREW BYELICK'S NOTICE REGARDING FILING OF SECOND AMENDED COMPLAINT
Case No.  3:23-cv-0185-GPC-SBC

motion to dismiss and dismissed the complaint without prejudice. *Id*. at *1. The court directed plaintiff to file any motion for leave to amend his complaint within thirty days. *Id*. On April 28, 2017, plaintiff moved for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 42(a)(2). *Id*. Defendants, however, contended that dismissal should have been with prejudice. *Id*. The Court granted plaintiff's request for voluntary dismissal without prejudice, however, because "Defendants have not shown that a dismissal without prejudice would result in legal prejudice." *Id*. at *2.

The same is true here. Defendant Byelick has made no showing that any dismissal without prejudice would result in plain legal prejudice. Thus, the Court should grant Plaintiff's request for voluntary dismissal of Defendant Byelick without prejudice.

Dated: April 3, 2024             GLANCY, PRONGAY & MURRAY LLP

By:     */s/ Ex Kano S. Sams II*
Robert V. Prongay
Ex Kano S. Sams II
Charles Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Lead Plaintiff*
*Scot S. Cook*

PLAINTIFF'S RESPONSE TO DEFENDANT J. DREW BYELICK'S NOTICE REGARDING FILING OF SECOND AMENDED COMPLAINT
Case No. 3:23-cv-0185-GPC-SBC

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On April 3, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of California, for receipt electronically by the parties listed on the Court's Service List.

And by Mail; By causing the documents to be sent to the party listed below by Mail, at the address listed below on April 3, 3024.

J. Drew Byelick
7700 Jefferson Circle
Colleysville, Texas 76034

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 3, 2024.

/s/ Ex Kano S. Sams II
Ex Kano S. Sams II