**J. DREW BYELICK, Defendant** *pro se*

**7700 Jefferson Circle**

**Colleysville, Texas 76034**

**TEL: (949) 413-4633**

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN  DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

MARK CULLEN et al,

      Plaintiffs,

v.

RYVYL INC. et al,

      Defendants.

CIVIL ACTION

NO.  3:23-cv-0185 GPC-WVG

Judge:       Hon. Gonzalo P. Curiel

### DEFENDANT J. DREW BYELICK'S VERIFIED OPPOSITION TO PLAINTIFFS' REQUEST FOR VOLUNTARY DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT BYELICK WITHOUT PREJUDICE

COMES NOW, **J. DREW BYELICK**, defendant *pro se* in the above-styled matter ("Defendant"), and herein shows that all securities fraud claims asserted by the Plaintiffs herein against Defendant Byelick were  previously dismissed by Order dated March 1, 2024 [**Dkt. No. 71**] and further shows that all such claims should be dismissed  *with prejudice*, because Plaintiffs cannot ever possibly state, now or in the future, any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.                    1

Financial Officer of Defendant RYVYL INC. in August, 2022,

Importantly, the March 1, 2024 Order [**Dkt. No. 71**] dismissing all claims against Defendant Byelick hereunder was entered  pursuant to Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA")**,** and **not** Rule 41(a)(2) as the Plaintiffs seemingly suggest**.**

As set forth herein, the Court's earlier dismissal acknowledges explicitly that Plaintiffs have failed to state any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for  asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, This situation continues indefinitely into the future.  Plaintiffs cannot reasonably represent that this glaring defect could be cured in the future.

Dismissal without prejudice herein would also contradict Congress' clear legislative intent expressed in the PSLRA that securities fraud plaintiffs state sufficient facts **at the time of filing their claims.**  Plaintiffs cannot possibly ever assert such a set of facts against Defendant Byelick. *See, e.g.*, Medhekar v. U.S. Dist. Court for the N. Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996) (*citing* 141 Cong. Rec. at H13669, S19151); *see also,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) (PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim).

Plaintiffs' request to have the of securities fraud claims against Defendant Byelick  be dismissed *without prejudice* must therefore be denied, because any

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.                    2

future baseless attempt by the Plaintiffs to accuse Byelick of wrongdoing in this provocative lawsuit would be futile, without legal basis, improvident, and severely prejudicial to Defendant Byelick as not being based on fact and in contradiction of the PSLRA, and not made in good faith, and a waste of the Court's limited resources, as well as severely damaging, on a continuing basis, to Defendant Byelick and Byelick's professional reputation and his many years as an experienced, qualified, and upstanding Chief Financial Officer. *See, e.g.,* Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004).

## I.    **Overview.**

1.    Preliminarily, it is important to underscore that the March 1, 2024 Order dismissing all claims against Defendant Byelick hereunder was entered pursuant to Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA")**,** and **not** Rule 41(a)(2) as the Plaintiffs seemingly suggest**.**

2.    As previously shown by Defendant Byelick, in addition to failing to timely file an Amended Complaint which sufficiently stated securities fraud claims against Defendant Byelick, Plaintiffs filed only a "Joint Consent Order" which manifests an obvious desire to avoid the plain, inescapable reality that Plaintiffs can never come up with any set of facts which might reasonably create securities fraud liability against Byelick for events that occurred or actions that were taken by others prior to Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022.

3.    In addition to the simple fact that Plaintiffs can never come up with any set of facts which might reasonably create securities fraud liability for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, a

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.        3

dismissal without prejudice here would likely be used as a way to do an "end-around" of the heightened pleading standards of the Private Securities Litigation Reform Act in securities actions and contradict the clear mandate from Congress that securities cases should stand or fall **be based on information in the plaintiffs' possession before they file**. *See, e.g.*, Medhekar v. U.S. Dist. Court for the N. Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996) (*citing* 141 Cong. Rec. at H13669, S19151); *see also,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) ("PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim). *See, e.g.,* Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004).

4.    Therefore, because Plaintiffs have failed to file to file a second amended complaint including claims against Defendant Byelick by the Court-ordered deadline of April 1, 2024, and because any attempt by the Plaintiffs to conjure up a set of facts in the future  suggesting securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022 is also physically impossible,  Plaintiffs cannot plead any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for  asserting securities fraud claims against Defendant Byelick now or in the future.

5.    Accordingly, because it is physically impossible for the Plaintiffs ever to conjure up any set of facts suggesting securities fraud liability for Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC.

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.        4

in August, 2022, Defendant Byelick is entitled to the entry by the Court of an Order dismissing all such claims by the Plaintiff against Defendant Byelick herein *with prejudice.*

## II.    RELEVANT  FACTS

6.    Plaintiffs' filed their original Complaint in the above-styled matter on February 1, 2023 including claims for securities fraud against Defendant Byelick.

7.    On August 23, 2023, Defendant filed his Rule 12(b)(6) Motion to dismiss all Plaintiff's claims against Defendant Byelick for failure to state a claim.  [**Dkt. No. 54**].

8.    On March 1, 2024, the Court entered an Order [**Dkt. No. 71**] which provided, *inter alia*:

        A.    that Defendant Byelick's Rule 12(b)(6) motion was GRANTED, and that Plaintiff's claims against Defendant Byelick were dismissed for failure to state a claim; and

        B.    that Plaintiff was granted leave to file a second amended complaint against Defendant Byelick, so long as such second amended complaint was filed within thirty (30) days of such Order, by April 1, 2024.

9.    In particular, the Court's March 1, 2024 Order [**Dkt. No. 71**] provided:

> "Plaintiffs also have not sufficiently alleged *scienter* as to Defendant Byelick.  Byelick was not present at the meetings with CW4 and did not start working as CFO at Ryvyl until after CW3 and CW4 had left the company. ECF No. 33 at 4 ¶ 15, 15 ¶ 49, 16¶ 50. In addition, after Byelick arrived at Ryvyl in August 2022, the Company retained third party technical accounting experts to commence remediation efforts to address financial issues which led to the January 2023 Restatement. Id. at 14 ¶ 45. And the remaining allegations are not enough to show that he acted with the appropriate *scienter* as to the alleged misstatements, only one of which was issued after he started as CFO. Id. at 4 ¶ 15 (Byelick started in August

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.          5

2022); id. at 30 ¶ 106 (3Q22 report filed on November 21, 2022); see ECF No. 53 at 1, 2, 47. The Court with therefore GRANT the motion to dismiss Count IV as to Byelick with leave to amend." Order, **Dkt. No. 71**, p. 38.

10.     In addition, the Court's March 1, 2024 Order [**Dkt. No. 71**] provided:

"...the violations of Section 10(b) found by the Court-based on scienter as to Chung-occurred before Byelick started with Ryvyl. ECF No. 33 at 4 ¶ 15 (Byelick started in August 2022); ECF No. 33 at 29 ¶ 103 (2Q22 report filed on August 15, 2022).  Because Byelick could not be a control person before he started at Ryvyl, the Court GRANTS the motion to dismiss Count V with leave to amend as to Byelick."  Order, **Dkt. No. 71**, pp. 38 - 39.

11.     The Court has thus explicitly  recognized and accepted Defendant Byelick's  argument that the Plaintiffs have failed to meet the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") by stating a set of facts which suggests securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022,

12.     Plaintiffs have failed to file a second amended complaint including a set of facts which supports claims for securities fraud against Defendant Byelick by April 1, 2024, which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA").  *See,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) ("PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim).

13.     It is thus physically impossible for Plaintiffs to ever state a set of facts suggesting securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC.

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.                    6

in August, 2022, which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA").

14.     Any attempt by the Plaintiffs to conjure up a set of facts in the future suggesting securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022 is also physically impossible, and accordingly, cannot satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA").  *See,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) ("PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim).

15.     Plaintiffs  have not sought to extend the deadline specified in the Court's March 1, 2024 Order in which to file a second amended complaint including claims against Defendant Byelick which might arguably satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA").

16.     Accordingly, because Plaintiff has failed to file to file a second amended complaint including claims against Defendant Byelick by the Court-ordered deadline of April 1, 2024, and because any attempt by the Plaintiffs to conjure up a set of facts in the future  suggesting securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022 is also physically impossible,  Plaintiffs cannot plead any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.                    7

("PSLRA") **for  asserting securities fraud claims against Defendant Byelick now or in the future.**  *See,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) ("PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim).

17 .    In addition to the simple fact that Plaintiffs can never come up with any set of facts which might reasonably create securities fraud liability for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, a dismissal without prejudice here would likely be used as a way to do an "end-around" of the heightened pleading standards of the Private Securities Litigation Reform Act in securities actions and contradict the clear mandate from Congress that securities cases should stand or fall **be based on information in the plaintiffs' possession before they file**. *See, e.g.*, <u>Medhekar v. U.S. Dist. Court for the N. Dist. of Cal.</u>, 99 F.3d 325, 328 (9th Cir. 1996) (*citing* 141 Cong. Rec. at H13669, S19151); *see also,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) ("PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim).

18.    Defendant Byelick is therefore entitled to the entry by the   Court of an Order from the Court dismissing all Plaintiff's securities fraud claims against Defendant Byelick in the above-styled matter *with prejudice.*

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.          8

### III.  LEGAL ARGUMENT.

A.  Requirement of Specificity in Securities Fraud Claims.

1.  **PSLRA**.

Complaints alleging securities fraud are subject to heightened pleading requirements under the Private Securities Litigation Reform Act ("PSLRA") and Rule 9(b). Glazer Capital Mgmt L.P. v. Forescout Techs, Inc., 63 F.4th 747,765. The PSLRA requires that complaints alleging falsity "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." Id. (*quoting* 15 U.S.C. § 78u-4(b)(1)); *see, e.g.,* In re Facebook Securities Litigation, No. 22-15077 (9th Cir. 2023).

To plead *scienter* under the PSLRA, "the complaint must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.' " Id. at 766 (quoting 15 U.S.C. § 78u-4(b)(2)(A)). When evaluating "whether the strong inference standard is met," the court first "determines whether any one of the plaintiff's allegations is alone sufficient to give rise to a strong inference of *scienter*." Id. If no individual allegation is sufficient, the court "conducts a 'holistic' review to determine whether the allegations combine to give rise to a strong inference of *scienter*." Id. (quoting Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 992 (9th Cir. 2009)).

Of particular relevance to the issue at hand, the PSLRA's expressed intention was to require securities fraud plaintiffs to have sufficient facts to state a claim pursuant to Rules 8, 9(b), and 12(b)(6) **prior to the filing of a securities fraud claim**, *See,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) ("PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.          9

might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim).

In this case, as set forth above, the Court explicitly acknowledged in dismissing Plaintiffs' securities fraud claims against Defendant Byelick because Plaintiffs had failed to state a set of facts pursuant to Rules 8, 9(b), and 12(b)(6) which reasonably created securities fraud liability on the part of Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022. Plaintiffs have not now, nor can they in the future state any set of facts which can get them over the hurdle of being unable to blame Defendant Byelick with alleged wrongful actions or statements which occurred before Byelick became RYVYL's Chief Financial Officer in August, 2022.

Accordingly, Plaintiffs do not have now, nor can they ever assert in the future, any set of facts suggesting any kind of wrongdoing by Defendant Byelick prior to Byelick becoming Chief Financial Officer of RYVYL INC. In August, 2022, which falls far short of the specificity required by the PSLRA. *See, e.g.,* <u>In re Facebook Securities Litigation,</u> No. 22-15077 (9th Cir. 2023).

### 2.      **Fed. R. Civ. P. 9(b).**

Rule 9(b) similarly requires plaintiffs to "state with particularity the circumstances constituting fraud." Id. at 765 (quoting Fed. R. Civ. P. 9(b)). Fraud allegations under Rule 9(b) "must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.' " Id. (*quoting* <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001)).

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.                    10

As repeatedly set forth above, Plaintiffs cannot show any set of facts suggesting any kind of wrongdoing by Defendant Byelick prior to Byelick becoming Chief Financial Officer of RYVYL INC. In August, 2022, which falls far short of the specificity required by Rule 9(b).

3.   **Fed. R. Civ. P. 8(a)**.

**In addition to the pleading requirements of the PSLRA and Rule 9(b),** Rule 8(a) requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009)). The factual allegations in the complaint must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (*quoting* Iqbal, 556 U.S. at 678, 129 S. Ct. 1937); *see, e.g.,* In re Facebook Securities Litigation, No. 22-15077 (9th Cir. 2023).

As repeatedly set forth above, Plaintiffs cannot show any set of facts suggesting any kind of wrongdoing by Defendant Byelick prior to Byelick becoming Chief Financial Officer of RYVYL INC. In August, 2022, which falls far short of the plausibility standard of Rule 8(a).

**B.   Finality.**

Finality is an essential element of federal jurisprudence, and is "an historic characteristic of federal appellate procedure." Cobbledick v. United States, 309 U.S. 323, 324-25 (1940). It also furthers the strong systemic interest in avoiding piecemeal appeals. Id. A dismissal with prejudice safeguards these important interests by requiring an appealing plaintiff to "submit[] to a judgment that serves to bar his claims forever." E.g., Concha v. London, 62 F.3d 1493, 1507 (9th Cir. 1995). Prejudicial dismissals not only ensure that the order

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.          11

challenged on appeal represents the district court's final ruling, but also prevent the plaintiff from "bringing another action for the same cause" and thereby avoid the "possibility of piecemeal appeals." Id. at 1507-08.

Plaintiffs, in their request to have the earlier Rule 12(b)(6) dismissals in favor of Defendant Byelick characterized as without prejudice leaves the Plaintiffs "free to seek an adjudication of the same issue at another time in the same or another forum." *Concha,* 62 F.3d at 1507. This result would undoubtedly increase the likelihood of multiple appeals in this case—and even presents the possibility of multiple appeals on the same securities fraud claim being asserted against Defendant Byelick in the future, without legal or factual basis. Cf. Elliott v. White Mountain Apache Tribal Court, 566 F.3d 842, 846 (9th Cir. 2009) (describing the need to give "practical construction to the finality requirement" as opposed to a more "technical" construction).

In this case, on March 1, 2024, the Court dismissed Plaintiffs' securities fraud claims against Defendant Byelick because the plain facts demonstrated, beyond any doubt, that the Plaintiffs failed to meet the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA")  by stating a set of facts which suggests securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, This situation continues indefinitely into the future, rendering any further securities fraud claims against Defendant Byelick to be lacking in any basis in fact and contrary to law.

In addition to the simple fact that Plaintiffs can never come up with any set of facts which might reasonably create securities fraud liability for events that occurred or actions that were taken by others prior to Defendant Byelick

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.              12

becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, a dismissal without prejudice here would likely be used as a way to do an "end-around" of the heightened pleading standards of the Private Securities Litigation Reform Act in securities actions and contradict the clear mandate from Congress that securities cases should stand or fall **be based on information in the plaintiffs' possession before they file**. *See, e.g.*, Medhekar v. U.S. Dist. Court for the N. Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996) (*citing* 141 Cong. Rec. at H13669, S19151).

Any attempt by the Plaintiffs to conjure up a set of facts in the future suggesting securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022 is physically impossible, Because Plaintiffs cannot in the future plead any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA"), Defendant Byelick is entitled to the entry by the   Court of an Order dismissing all Plaintiff's securities fraud claims against Defendant Byelick in the above-styled matter *with prejudice.*

C. **Dismissal with Prejudice is Proper and Authorized in this case**

In the Ninth Circuit and elsewhere, district courts may dismiss securities fraud cases for failure to state a claim under Rule 12(b)(6). In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). While a well-pleaded complaint may proceed even if "actual proof of those facts[alleged] is improbable, and that a recovery is very remote and unlikely," Gilead, 536 F.3d at 1057 (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)), a complaint "is properly dismissed if it fails to plead enough facts to state a claim

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.          13

to relief that is plausible on its face." Id. at 1055 (*quoting* Twombly, 550 U.S. at 570, 127 S. Ct. 1955).

As set forth above, an additional hurdle for securities fraud plaintiffs is the PSLRA, which, as set forth above, imposes a heightened pleading standard in securities litigation and requires that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B). Plaintiffs must allege with particularity both "the facts constituting the alleged violation, and the facts evidencing *scienter*, i.e., the defendant's intention `to deceive, manipulate, or defraud.'" Tellabs, Inc. v. Makor Issues Rights, Ltd., 551 U.S. 308, 313, 127 S. Ct. 2499, 168 L. Ed.2d 179 (2007) (*quoting* Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194, 96 S. Ct. 1375, 47 L. Ed.2d 668 (1976)); *see also* 15 U.S.C. § 78u-4(b)(2). And to surmount a motion to dismiss, a securities fraud plaintiff must plead facts sufficient to plausibly articulate "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

In this case, because any attempt by the Plaintiffs to conjure up a set of facts in the future suggesting securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022 is also physically impossible, Plaintiffs cannot plead any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") **for asserting securities fraud claims against Defendant Byelick now or in the future.** *See,* 141 Cong.

*Cullen et al v. RYVYL et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.                    14

Rec. H13699 (daily ed. Nov. 28, 1995) ("PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim).

Moreover, in addition to the simple fact that Plaintiffs can never come up with any set of facts which might reasonably create securities fraud liability for events that occurred or actions that were taken prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, a dismissal without prejudice here would likely be used as a way to do an "end-around" of the heightened pleading standards of the Private Securities Litigation Reform Act in securities actions and contradict the clear mandate from Congress that securities cases should stand or fall **be based on information in the plaintiffs' possession before they file**. *See, e.g.*, Medhekar v. U.S. Dist. Court for the N. Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996) (*citing* 141 Cong. Rec. at H13669, S19151); *see also,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) ("PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process   might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim).

Defendant Byelick is therefore entitled to the entry by the   Court of an Order dismissing all Plaintiff's securities fraud claims against Defendant Byelick in the above-styled matter *with prejudice.*

### D.   Defendant Byelick would be legally prejudiced by a dismissal without prejudice, and dismissal with prejudice is warranted.

In this case, Plaintiffs' securities fraud claims against Defendant Byelick were dismissed for failure to state a claim pursuant to Rule 12(b)(6) because the Plaintiffs had failed to state facts suggesting liability for alleged wrongful or

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

misleading actions of statements which occurred prior to Defendant Byelick assuming the role of Chief Financial Officer of RYVYL INC. in August, 2022, [**Dkt. No. 71**, pp. 38 - 40].  Plaintiffs cannot reasonably claim to be able to remedy this glaring defect in any future filing.

District courts enjoy discretion to dismiss claims with or without prejudice. *See* Diamond State Ins. Co. v. Genesis Ins. Co., 379 Fed. Appx. 671, 673 (9th Cir.2010); Romoland Sch. Dist. v. Inland Empire Energy Ctr. LLC, 548 F.3d 738, 747–51 (9th Cir.2008); Smith v. Lenches, 263 F.3d 972, 974 (9th Cir.2001). Where the request is to dismiss without prejudice, "[a] District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith, 263 F.3d at 975 (*citing* Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir.1987)). Legal prejudice does not result merely because a defendant will be inconvenienced by potentially having to defend the action in a different forum or because the dispute will remain unresolved. Smith, 263 F.3d at 976; Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir.1996).

In this case, on March 1, 2024, the Court dismissed Plaintiffs' securities fraud claims against Defendant Byelick pursuant to Rules 9(b), 12(b)(6) and the PSLRA, and gave Plaintiffs' 30 days to file a second amended complaint. [**Dkt. No. 71, pp. 38 - 40**].  On April 3, 2024, rather than file an amended complaint or motion seeking more time, Plaintiffs filed a "Request for Voluntary Dismissal of Defendant Byelick as a Defendant Without Prejudice." [**Dkt. No. 75].**

**But Defendant Byelick had already been dismissed by the Court's March 1, 2024 Order**. [**Dkt. No. 71**].

Thus the Plaintiffs deliberately refused to amend their complaint.  Pursuant

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.          16

to <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992), this court has authority to dismiss Plaintiffs' complaint against Defendant Byelick with prejudice under **Federal Rule of Civil Procedure 41(b)** — which provides for dismissal "for failure of the plaintiff . . . to comply with . . . any order of court" and dismiss such Complaint with prejudice, after taking Plaintiffs' election not to amend at face value, and enter a final judgment dismissing all claims against Defendant Byelick with prejudice, and allowed the case to be appealable in that posture, as was allowed in <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064 (9th Cir. 2004). all securities fraud claims asserted by the Plaintiffs herein against Defendant Byelick previously dismissed by Order dated March 1, 2024 [**Dkt. No. 71**].

Defendant Byelick further shows that all such claims should be dismissed *with prejudice*, because Plaintiffs cannot ever possibly state, now or in the future, any set of facts which satisfy the requirements of <u>Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act</u> ("PSLRA") for asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022,

As set forth herein, the Court's earlier dismissal acknowledges explicitly that Plaintiffs have failed to state any set of facts which satisfy the requirements of <u>Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act</u> ("PSLRA") for asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, This situation continues indefinitely into the future.

Dismissal without prejudice herein would also contradict Congress' clear legislative intent expressed in the PSLRA that securities fraud plaintiffs state

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.                    17

sufficient facts **at the time of filing their claims.**  Plaintiffs cannot possibly ever assert such a set of facts against Defendant Byelick.  *See, e.g.*, Medhekar v. U.S. Dist. Court for the N. Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996) (*citing* 141 Cong. Rec. at H13669, S19151); *see also,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) (PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim).

Plaintiffs' request to have the of securities fraud claims against Defendant Byelick  be dismissed *without prejudice* must therefore be denied, because any future baseless attempt by the Plaintiffs to accuse Byelick of wrongdoing  in this provocative lawsuit would be futile, without legal basis improvident, and severely prejudicial to Defendant Byelick as not being based on fact and in contradiction to the PSLRA, and not made in  good faith, and a waste of the Court's limited resources, as well as  severely damaging, on a continuing basis, to Defendant Byelick and Byelick's professional reputation and his many years as an experienced, qualified, and upstanding  Chief Financial Officer.

**IV. Conclusion.**

This Court has ample authority to dismiss Plaintiffs' complaint against Defendant Byelick with prejudice, including but not limited to **Federal Rule of Civil Procedure 41(b)** — which provides for dismissal "for failure of the plaintiff . . . to comply with . . . any order of court" and dismiss such Complaint with prejudice, after taking Plaintiffs' election not to amend at face value, and enter a final judgment dismissing all claims against Defendant Byelick with prejudice, and allowed the case to be appealable in that posture, as was allowed and

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.          18

approved by the Ninth Circuit in Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004). all securities fraud claims asserted by the Plaintiffs herein against Defendant Byelick previously dismissed by Order dated March 1, 2024 [**Dkt. No. 71**] and further shows that all such claims should be dismissed *with prejudice*, because Plaintiffs cannot ever possibly state, now or in the future, any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022,

For the reasons herein set forth, Plaintiffs' request to have the of securities fraud claims against Defendant Byelick in the above-styled matter be dismissed *without prejudice* must therefore be denied, because any future baseless attempt by the Plaintiffs to accuse Byelick of wrongdoing in this provocative lawsuit would be futile, without legal basis improvident, and severely prejudicial to Defendant Byelick as not being based on fact and in contradiction to the PSLRA, and not made in good faith, and a waste of the Court's limited resources, as well as severely damaging, on a continuing basis, to Defendant Byelick and Byelick's professional reputation and his many years as an experienced, qualified, and upstanding Chief Financial Officer.

This 22nd day of April, 2024.

**s/ J. DREW BYELICK**
J. DREW BYELICK,
Defendant *pro se*

**7700 Jefferson Circle**
**Colleysville, Texas 76034**
**TEL: (949) 413-4633**
\\\

*Cullen et al v. RYVYL et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.                    19

## VERIFICATION OF J. DREW BYELICK

COMES NOW, J. Drew Byelick, pro se, defendant in the above-styled matter, and, pursuant to 28 U.S.C. §1746, under penalty of perjury, hereby declares that all statements of fact set forth in the preceding Notice are true and correct.

This 22nd day of April, 2024.

**s/ J. DREW BYELICK**

J. DREW BYELICK,
Defendant *pro se*

**7700 Jefferson Circle**

**Colleysville, Texas 76034**

**TEL: (949) 413-4633**

*Cullen et al v. RYVYL et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.          20

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, this is to certify, under penalty of perjury, that a true and correct copy of the attached and foregoing Motion to Extend Time has been served to all counsel of record via the Court's electronic CM/ECF system.

This 22nd   day of April, 2024.

**s/  J. DREW BYELICK**

J. DREW BYELICK,
Defendant  *pro se*

**7700 Jefferson Circle**

**Colleysville, Texas 76034**

**TEL: (949) 413-4633**

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Request for Order Dismissing All Claims with Prejudice.                    21