# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CULLEN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RYVYL INC. F/K/A GREENBOX POS, BEN ERREZ, FREDI NISAN, J DREW BYELICK, BENJAMIN CHUNG, EF HUTTON F/K/A KINGSWOOD CAPITAL MARKETS, A DIVISION OF BENCHMARK INVESTMENTS, INC., and R.F. LAFFERTY & CO.,<br><br>Defendants. | Case No.  3:23-cv-0185-GPC-SBC<br><br>**ORDER DISMISSING DEFENDANT J. DREW BYELICK WITHOUT PREJUDICE** |

Before the Court is Defendant J. Drew Byelick's Request for Order Dismissing All Claims Against Byelick With Prejudice.  ECF No. 74.  Plaintiffs responded with a Request for Voluntary Dismissal of Byelick as a Defendant Without Prejudice, ECF No. 75.

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order" under Federal Rule of Civil Procedure ("Rule") 41(b).  *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).  However, this principle is limited to circumstances in which the plaintiff failed to take any action in response to the court's dismissal with leave to amend, such as by amending the complaint, requesting an extension of time to amend, or indicating that they would not amend.  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004); *see Turley v. Lezano*, No. 3:22-CV-1719-GPC, 2024 WL 584436, at *1 (S.D. Cal. Feb. 13, 2024) (dismissing under Rule 41(b) where a pro se detained plaintiff had not filed an amended complaint "nor sought an extension of time to file").

Here, Byelick argues that dismissal with prejudice for failure to comply with a court order under Rule 41(b) is appropriate because Plaintiffs failed to file a second amended complaint by the Court's deadline of March 31, 2024, ECF No. 71 at 40.  ECF No. 74 at 1, ECF No. 77 at 16-17.  However, Plaintiffs and all Defendants except Byelick filed a joint motion for an extension of time to file the second amended complaint, ECF No. 72, and the Court granted it on March 28, 2024, ECF No. 73.  Though the Court's grant of an extension does not clearly apply as to Byelick, it does indicate that Plaintiffs intend to file a second amended complaint, or at the very least that they did not "fail[] to take any action." *Edwards*, 356 F.3d at 1065.  Thus, "there has been no disobedience to a court's order to amend" justifying a Rule 41(b) involuntary dismissal.  *See id.*  The Court

will therefore not analyze this question under Rule 41(b) as Byelick suggests. ECF No. 77 at 16-17.

Instead, the Court treats this as a request for voluntary dismissal without prejudice under Rule 41(a) per Plaintiffs' response and request. ECF No. 75. "Where the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (cleaned up). Legal prejudice is prejudice to a legal interest, claim, or argument. *Id.* at 1280. The threat of future litigation, the inconvenience of defending against another suit, and even the inconvenience of defending against suit in another forum in which the plaintiff has tactical advantage do not constitute legal prejudice. *Id.*

Because Defendant Byelick has shown no more than inconvenience due to the uncertainty of future litigation, the Court GRANTS Plaintiffs' request for voluntary dismissal without prejudice.[1] *See Fischman on behalf of Sempra Energy & S. California Gas Co. v. Reed*, No. 16-CV-1006-WQH-AGS, 2017 WL 3337162, at *1-2 (S.D. Cal. Aug. 4, 2017). It DENIES Byelick's request for dismissal with prejudice. The Court dismisses Byelick as a defendant in this action without prejudice.

IT IS SO ORDERED.

Dated: April 25, 2024

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Byelick contends that "a dismissal without prejudice . . . would likely be used as a way to do an 'end-around' of the heightened pleading standards of the Private Securities Litigation Reform Act [("PSLRA").]" ECF No. 77 at 13. But if Plaintiffs file suit again, their new suit would still need to meet the requirements of the PSLRA. More importantly, this is not a relevant consideration under Rule 41(a).