**J. DREW BYELICK, Defendant *pro se***

**7700 Jefferson Circle**

**Colleysville, Texas 76034**

**TEL: (949) 413-4633**

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION**

MARK CULLEN et al,

       Plaintiffs,

v.

RYVYL INC. et al,

       Defendants.

_____

CIVIL ACTION

NO.  3:23-cv-0185 GPC-WVG

**DEFENDANT J. DREW BYELICK'S VERIFIED MOTION FOR RECONSIDERATION AND CORRECTION OF APRIL 25, 2024 ORDER WHICH INCORRECTLY RESTATES LAW OF THE CASE BY CONVERTING  INVOLUNTARY RULE 12(b)(6) DISMISSAL OF CLAIMS AS RULE 41(a) "VOLUNTARY DISMISSAL"**

Judge:    Hon. Gonzalo P. Curiel

**I.      OVERVIEW - the law of this case is that all claims against Defendant Byelick were involuntarily dismissed by the March 1, 2024 Order [Dkt. No. 71] when the Court GRANTED Byelick's Rules 12(b)(6), 9(b) and PSLRA - no plausible basis for *scienter*. Rule 41(a) was not a part of such involuntary dismissal.**

1.      COMES NOW, **J. DREW BYELICK**, defendant *pro se* in the above-styled matter ("Defendant"), and pursuant to L. Civ. 7.01, timely moves this Court to Reconsider the April 25, 2024 Order in the above-styled matter

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice       1

which violates the law of this case by incorrectly characterizing, as a Rule 41(a) "voluntary dismissal," its prior ruling of March 1, 2024 Order [**Dkt. No. 71**] which **GRANTED** Defendant Byelick' Rules 9, 12(b)(6), and PSLRA motion to involuntarily dismiss all claims against Byelick for failure to present a "plausible" basis to their claim for securities fraud violations in connection with actions which allegedly occurred before Defendant Byelick was made Chief Financial officer of Defendant RYVYL INC. in August, 2022.  March 1, 2024 Order [**Dkt. No. 71**].  In re Alphabet Litig., 1 F.4th 687, 698 (9th Cir. 2021)("...complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is **plausible** on its face.")(emphasis added); *see, e.g.,* Squamish Tribe of Indians v. State of Washington, No. 23-35066**,** (9th Cir., May 21, 2024), p. 10; Zucco Partners, LLC v. DigimarcCorporation, 552 F.3d 981, 989 (9th Cir. 2009); Nguyen v. Endologix, 962 F. 3d , 414 (9th Cir. 2020).

**2.**    The    March 1, 2024 Order **GRANTING** Defendant's Byelick's Rule 12(b)(6) dismissal of all claims Plaintiffs' claims was involuntary, **not voluntary.**  [**Dkt. No. 71**].

3.    Here, as set forth above, the Court explicitly acknowledged in dismissing Plaintiffs' securities fraud claims against Defendant Byelick because Plaintiffs had failed to state a **plausible** set of facts pursuant to Rules 8, 9(b), and 12(b)(6) which  reasonably created securities fraud liability on the part of Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022. **[Dkt. No. 71].**

4.    Plaintiffs have not now, nor can they in the future state any set of facts which can get them over the hurdle of being unable to blame Defendant Byelick with alleged wrongful actions or statements which occurred before

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice     2

Byelick became RYVYL's Chief Financial Officer in August, 2022.

5.     The Court's Rule 12(b)(6) order dispensed with all of Plaintiff's claims against Defendant Byelick, and hence was "a full adjudication of the issues." **[Dkt. No. 71];** <u>Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.</u>, 117 F.3d 432, 433 (9th Cir. 1997).

6.     If not for the Court's grant of leave to amend its complaint against Defendant Byelick, which Plaintiffs failed to file and further has made clear it had no intention of undertaking—the Rule 12(b)(6) dismissal would have "clearly evidence[d] the judge's intention that it be the court's final act in the matter." <u>Nat'l Distrib. Agency</u>, 117 F.3d at 433; <u>In re Slimick</u>, 928 F.2d 304, 307 (9th Cir. 1990).

7.     Plaintiffs' failure and refusal to amend its Complaint against Defendant Byelick ensures that the March 1, 2024 decision **[Dkt. No. 71]** was not "tentative, informal or incomplete." <u>Citicorp Real Estate, Inc. v. Smith</u>, 155 F.3d 1097, 1101 (9th Cir. 1998) (*quoting* <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546 (1949)).

**8.**     <u>No Rule 41 motion for dismissal of any kind has ever been filed by Plaintiffs in this case; thus, any and all references by the Plaintiffs or the Court to Ninth Circuit case law is inapposite and inapplicable to the facts of this case.</u>

9.     "Final judgment on the merits" is synonymous with "dismissal with prejudice." <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002); *see also* <u>Semtek Int'l Inc. V. Lockheed Martin Corp.</u>, 531 U.S. 497, 505-506, 121 S. Ct. 1020 (2002).

**<u>Plaintiffs' Second Amended Complaint Omits Claims Against Byelick</u>**

10.     But Plaintiffs have filed a Second Amended Complaint which omits

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice    3

any claims against Defendant Byelick. **[Dkt. No. 80**].  Plaintiffs thus cannot use Rule 41 in any respect to "convert" or "recharacterize" or "backdate" the March 1, 2024 Order which involuntarily dismissing all Plaintiffs' securities fraud claims against Defendant Byelick into an ersatz "voluntary dismissal."

11.    Moreover, none of the Ninth Circuit cases cited by the Plaintiffs and the Court relating to the applicability of Rule 41 support any legal argument that a prior involuntary dismissal of securities fraud claims for lack of plausibility can subsequently be recharacterized as a Rule 41 voluntary dismissal.

12.    In addition to failing to timely file an Amended Complaint which sufficiently stated securities fraud claims against Defendant Byelick, Plaintiffs filed only a "Joint Consent Order" which manifests an obvious desire to avoid the plain, inescapable reality that Plaintiffs can never come up with any set of facts which might reasonably create securities fraud liability against Byelick for events that occurred or actions that were taken by others prior to Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022.

13.    In addition to the simple fact that Plaintiffs can never come up with any set of facts which might reasonably create securities fraud liability for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, a dismissal without prejudice here would likely be used as a way to do an "end-around" of the heightened pleading standards of the Private Securities Litigation Reform Act in securities actions and contradict the clear mandate from Congress that securities cases should stand or fall **be based on information in the plaintiffs' possession before they file**. *See, e.g.*, Medhekar v. U.S. Dist. Court for the N. Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996) (*citing* 141 Cong. Rec.

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice     4

at H13669, S19151); *see also,* 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) ("PSLRA intended to forestall lawsuits filed based on the "hope that the discovery process might lead eventually to some plausible cause of action," but without sufficient evidence to state a claim). *See, e.g.,* Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004).

14.     Therefore, because Plaintiffs have failed to file to file a second amended complaint including claims against Defendant Byelick by the Court-ordered deadline of April 1, 2024, and because any attempt by the Plaintiffs to conjure up a set of facts in the future  suggesting securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022 is also physically impossible,  Plaintiffs cannot plead any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for  asserting securities fraud claims against Defendant Byelick now or in the future.

15.     Accordingly, because it is physically impossible for the Plaintiffs ever to conjure up any set of facts suggesting securities fraud liability for Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, Defendant Byelick is entitled to the entry by the Court of an Order dismissing all such claims by the Plaintiff against Defendant Byelick herein *with prejudice.*

16**.**     Plaintiffs' claim that Defendant Byelick may somehow be found liable for alleged wrongful actions which occurred prior to Defendant Byelick becoming Chief Financial Officer for Defendant RYVYL INC. cannot possibly

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice     5

be considered **plausible on its face,** because Defendant Byelick physically cannot be liable for alleged wrongful actions which took place before Defendant Byelick was involved in any way with Defendant RYVYL INC**.." *See, e.g.* In re Alphabet Litig.,1 F.4th at 698 (9th Cir. 2021)("...complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is **plausible** on its face.")(emphasis added); *see, e.g.,* Squamish Tribe of Indians v. State of Washington, No. 23-35066**, (9th Cir., May 21, 2024), p. 10; Zucco Partners, LLC v. Digimarc Corporation, 552 F.3d 981, 989 (9th Cir. 2009); Nguyen v. Endologix, 962 F. 3d  414 (9th Cir. 2020).

> **17.    The Rule 12(b)(6) Involuntary Dismissal of March 1, 2024 Order [Dkt. No. 71] remains the law of this case.**

Plaintiffs' claims against Defendant Byelick were involuntarily dismissed pursuant to Byelick's Rules 9, 12(b)(6), and PSLRA motion [Dkt. No. 53] for failure to state a "plausible" basis for securities fraud claims against Defendant Byelick because Defendant Byelick could not possibly have committed securities violations before Byelick acted as Chief Financial officer of Defendant RYVYL INC. **[Dkt. No. 71].  None of the securities fraud cases cited by Plaintiffs involved "implausible" claims like Plaintiffs here continuing to assert liability on the part of Defendant Byelick for actions taken before Defendant Byelick was employed by Defendant RYVYL INC. in August, 2022.**

**18.**    Because the PSLRA neither allows nor requires district courts to "check ...disbelief at the door," but instead, "has teeth," and is an "exacting pleading requirement," Plaintiffs' failure and refusal to allege or to amend and allege "plausible" facts as their basis for asserting securities fraud claims against Defendant Byelick, Plaintiffs' First Amended Complaint against Defendant

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Byelick could not survive a motion to dismiss because " a reasonable person could [not] deem the inference of *scienter* to be cogent and at least as reasonable as any opposing inference to be drawn from the facts alleged. " Tellabs, Inc. v. Makor Issues & Rights, 551 U. S. 308, 323-324 (2007)**;** Schueneman v. Arena Pharm, Inc., 840 F.3d 698, 705 (9th Cir. 2016).

19**.**     Plaintiffs cannot possibly assert facts showing culpability on the part of Defendant Byelick for actions which took place prior to Defendant Byelick becoming Chief Financial Officer of RYVYL, INC., and no amendment could possibly cure such deficiencies**.**

**20.     Such March 1, 2024 involuntary dismissal of all Plaintiffs' claims [Dkt. No. 71]for failure to state a claim pursuant to Defendant Byelick's Rule 12(b)(6) motion is the law of this case**, and the Court's subsequent recharacterization of such involuntary dismissal of such claims as a Rule 41 "voluntary dismissal" in its April 25, 2024 Order [**Dkt. No. 78**] contradicts and is all subsequent Orders must properly apply the March 1, 2024 Order **because such Order is a misapplication and a violation of the law of the case set forth in the March 1, 2024 Order [Dkt. No. 71**]. *See, e.g.,* Squamish Tribe of Indians v. State of Washington, No. 23-35066**,** (9th Cir., May 21, 2024), p. 10.

21.     There can be no genuine dispute that the March 1, 2024 Order GRANTING Defendant Byelick's Rule 12(b)(6) motion involuntarily dismissed all Plaintiffs' claims against Defendant Byelick with leave to amend within thirty (30) days. **[Dkt. No. 71]**.

**22.     As set forth herein, no motion, including any Rule 41 motion,**

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice     7

**has been filed to change or modify the March 1, 2024 Order.**

As set forth above, the March 1, 2024 Order [**Dkt. No. 71**] GRANTING Defendant Byelick's motion to involuntarily dismiss all Plaintiffs' securities fraud claims for failure to show a "plausible" **basis for** *scienter* **is the law of this case.** [**Dkt. No. 71**].  Moreover, no motion has been filed at any time by the Plaintiffs seeking to modify or set aside such March 1, 2024 Order, nor have Plaintiffs ever filed a Rule 41 motion or other motion to transform the "involuntary dismissal" of Plaintiffs' claims against Defendant Byelick in such Order into a "voluntary dismissal" pursuant to Rule 41(a).

23.    **Plaintiffs March 26, 2024 "Joint Motion Regarding Filing of Second Amended Complaint" is a Rule 15(a)(2) motion to amend with no mention of or reference to Rule 41(a).**

On March 26, 2024, without agreement by Defendant Byelick, Plaintiffs filed their "Joint Motion Regarding Filing of Second Amended Complaint." [**Dkt. No. 72**]**,** which in effect is a Rule 15(a)(2) motion to allow an amended complaint**.**   But nowhere in such Plaintiffs' "Joint Motion" do Plaintiffs request any review or modification of the March 1, 2024 Order [**Dkt. No. 71**] GRANTING Defendant Byelick's motion to involuntarily dismiss all Plaintiffs' securities fraud claims for failure to show a "plausible" **basis for** *scienter* except to extend the time for filing by Plaintiffs of a "Second Amended Complaint. [**Dkt. No. 72**].**

24.    But Plaintiffs' March 26, 2024 "Joint Motion Regarding Filing of Second Amended Complaint" [**Dkt. No. 72**] does not include any form of a Rule 41(a) motion to change or modify the terms of the March 1, 2024 Order [**Dkt. No. 71**] GRANTING Defendant Byelick's motion to involuntarily dismiss all Plaintiffs' securities fraud claims for failure to show a "plausible" **basis for** *scienter,* apart from a footnote stating Plaintiffs do not intend to name Defendant

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice       8

Byelick as a party in such "Second Amended Complaint. **[Dkt. No.72].**

> **25.    The Court should RECONSIDER and then VACATE all portions of the April 25, 2024 Order referring to a "voluntary dismissal" pursuant to Rule 41 as inapplicable to the March 1, 2024 Order GRANTING Defendant Byelick's Rule 12(b)(6) motion to involuntarily dismiss all such "implausible" claims, and thereafter Order all such claims as being dismissed WITH PREJUDICE.**

Thus:

(a) this Court has previously GRANTED Defendant Byelick's Rule 12(b)(6) motion to involuntarily dismiss all claims against Defendant Byelick, which remains the law of this case (*see, e.g.,* Squamish Tribe of Indians v. State of Washington, No. 23-35066, (9th Cir., May 21, 2024), p. 10.;

(b) the inapplicability of any form of "voluntary dismissal" pursuant to Rule 41(a) to all securities fraud claims against Defendant Byelick in this case;

( c) Plaintiffs' have continued to fail, including failing to amend or supplement their such fraud claims with "plausible" supporting facts  as a "plausible" basis for asserting securities fraud claims against Defendant Byelick; and

(d)   Congress has shown in enacting the PSLRA, that it attempted therein to halt, early on, securities litigation that lacks merit or is even abusive (Tellabs, Inc. v. Makor Issues & Rights, 551 U. S. 308, 323-324 (2007);  such clear and manifest failure to meet the **"exacting" pleading obligations of the PSLRA,** in addition to the  particularity and plausibility" requirements of Rule 9(b) and Section 4(b) of the PSLRA;  "reflects Congress' Section 4(b)(2) increases the plausibility requirement, setting a bar significantly above the pleading requirements of Rules 9(b) and 12(b)(6).  *See, e.g.,* Grier v. Finjan Holdings, Inc., No. 21-16702 (9th Cir. 2023).

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

26.    Accordingly, because the March 1, 2024 Order [**Dkt. No. 71**] **involuntarily** dismissed all securities fraud claims asserted by the Plaintiffs herein against Defendant Byelick because such claims were not plausible, because the Court accepted that Plaintiffs could not maintain such claims against Defendant Byelick for alleged wrongful actions taken before Defendant Byelick became the Chief Financial Officer of Defendant RYVYL INC. in August, 2022.

27.    As set forth herein, the Court's earlier dismissal acknowledges explicitly that Plaintiffs have failed to state any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for  asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, This situation continues indefinitely into the future.  Plaintiffs cannot reasonably represent that this glaring defect could be cured in the future.

28.    Defendant Byelick has further shown herein that all such claims should be dismissed  *with prejudice*, because Plaintiffs cannot ever possibly state, now or in the future, any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for  asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, so such claims should have been dismissed without leave to amend because Plaintiffs can not reasonably "backdate" such facts to cure the glaring deficiencies and implausibility of Plaintiffs' claims against Defendant Byelick. *See, e.g.,* Lowe v. Tandem Diabetes Care, Inc., No. 3:23-cv-01657 (S.D.  Cal. , April 30, 2024); Doe v. United States, 58 F.3d 494, 497 (9th Cir.

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice      10

1995); <u>Cook, Perkins, Liehe v. N. Cal. Collection</u>, 911 F.2d 242, 247 (9th Cir. 1990).

29.    Plaintiffs' request to have the securities fraud claims against Defendant Byelick  be dismissed *without prejudice* must therefore be denied, because any future baseless attempt by the Plaintiffs to accuse Byelick of wrongdoing  in this provocative lawsuit would be futile, without legal basis, improvident, and severely prejudicial to Defendant Byelick as not being based on fact and in contradiction of  the PSLRA, and not made in  good faith, and a waste of the Court's limited resources, as well as  severely damaging, on a continuing basis, to Defendant Byelick and Byelick's professional reputation and his many years as an experienced, qualified, and upstanding  Chief Financial Officer.  *See, e.g.,* <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064 (9th Cir. 2004); *See, e.g.,* <u>Lowe v. Tandem Diabetes Care, Inc.</u>, No. 3:23-cv-01657 (S.D.  Cal. , April 30, 2024); <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995); <u>Cook, Perkins, Liehe v. N. Cal. Collection</u>,  911 F.2d 242, 247 (9th Cir. 1990).

II.     **Legal Authority Supporting Motion for Reconsideration.**

A.     **Pleading Standard - Plaintiffs cannot assert "plausible" securities fraud claims against Defendant Byelick for alleged wrongful actions which occurred before Defendant Byelick became CFO.**

30.   **Pleading Standard**

Defendant Byelick's motion to dismiss Plaintiffs' securities fraud claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure must be analyzed using the **plausibility** pleading standards of Rule 8(a)  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

31.   In this case, the Court applied the heightened pleading standards of Rule 9(b) and marginally to the provisions of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b).1. Rule 9(b).

32.   This case centers on the critical element of scienter, which in this context is "a mental state embracing intent to deceive, manipulate, or defraud." Tellabs, 551 U.S. at 319 (*quoting* Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194 n.12 (1976)). To allege the required scienter, a complaint must "allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness." Zucco Partners, 552 F.3d at 991. "Deliberate recklessness" is more than "mere recklessness or a motive to commit fraud." Schueneman v. Arena Pharm., Inc., 840 F.3d 698, 705 (9th Cir. 2016)(*quoting* Zucco Partners, 552 F.3d at 991). It is instead "an extreme departure from the standards of ordinary care," which "presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." Id (*quoting* Zucco Partners, 552 F.3d at 991).

33.   Under Rule 9(b), "[i]n alleging fraud or mistake, a party

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice      12

must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (*quoting* Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner, 6 F.3d at 672.

34.     Rule 9(b) applies where a claim is "grounded in fraud" or "sound[s] in fraud," even if fraud is not an essential element of the cause of action. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). In other words, if "a plaintiff . . . choose[s] . . . to allege in the complaint that the defendant has engaged in fraudulent conduct," then "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." Vess, 317 F.3d. at 1103–04.

35.     In this case, Plaintiffs have **implausibly** alleged that Defendant Byelick is liable for alleged wrongful actions taken before Defendant Byelick became CFO of Defendant RYVYL INC. in August, 2022.

36.     But in addition to the pleading requirements of Rule 9(b), the Court in this case briefly referred to the pleading standards from the PSLRA, namely a heightened standard which requires increased particularity for allegations of untrue statements of material fact: in this case, claims against Defendant Byelick for untrue statements and/or *scienter* are **implausible** because all such statements were made before Defendant Byelick began acting as CFO in August, 2022.

37.     The precedents of the Supreme Court and the Ninth Circuit have

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

held that the PSLRA's heightened pleading requirements are meaningful ones, requiring courts carefully to evaluate securities fraud complaints to ensure compliance with the statute's elevated pleading standards. *See, e.g.*, Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 321 (2007); Nguyen v. Endologix, 962 F. 3d , 414, 420 -421  (9th Cir. 2020);  Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 345–46 (2005); Zucco Partners, 552 F.3d at 990–91; Ronconi v. Larkin, 253 F.3d 423, 437 (9th Cir. 2001)

38.     Also, the Court in this case was obligated to apply a heightened pleading standard applicable to state-of-mind allegations:

"[I]n any private action arising under [the Exchange Act] in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate [the Exchange Act], state with **particularity** facts giving rise to a strong inference that the defendant acted with the required state of mind.  15 U.S.C. § 78u-4(b)(2)(A) ("Section 4(b)(2)").

39.     Section 4(b)(2) of the PSLRA substantially increases the pleading requirement. "PSLRA's 'strong inference' requirement has teeth. It is an 'exacting' pleading obligation that 'presents no small hurdle for the securities fraud plaintiff.'" Nguyen v. Endologix, Inc., 962 F.3d 405, 414 (9th Cir. 2020) (*quoting* Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 990 (9th Cir. 2009); Schueneman v. Arena Pharms., Inc., 840 F.3d 698, 705 (9th Cir. 2016)).

40.     The "strong inference" requirement of the PSLRA is exacting because the Supreme Court has said that a "strong" inference "must be cogent and at least as compelling as any opposing inference of non-fraudulent

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice      14

intent." Tellabs, 551 U.S. at 314.

41.     Thus, unlike the particularity requirements of Rule 9(b), the PSLRA increases the plausibility requirement, setting a bar significantly above the pleading requirements of Rule 9(b) and Section 4(b)(1).  *See, e.g.,* Grier v. Finjan Holdings, Inc., No. 21-16702 (9ᵗʰ Cir. 2023).

42.     In this case, the Court GRANTED Defendant Byelick's motion to dismiss all Plaintiffs' claims pursuant to Rules 12(b)(6), 9(b) and PSLRA for failure to show *scienter* on the part of Defendant Byelick for alleged wrongful actions which occurred prior to the date Defendant Byelick first became CFO for Defendant Byelick.

### III.   **CONCLUSION**.

**The Court should RECONSIDER and then VACATE all portions of the April 25, 2024 Order referring to a "voluntary dismissal" pursuant to Rule 41 as inapplicable to the March 1, 2024 Order GRANTING Defendant Byelick's Rule 12(b)(6) motion to involuntarily dismiss all such "implausible" claims, and thereafter Order all such claims as being dismissed WITH PREJUDICE.**

43.     Accordingly, because the March 1, 2024 Order [**Dkt. No. 71**] **involuntarily** dismissed all securities fraud claims asserted by the Plaintiffs herein against Defendant Byelick because such claims were not plausible, because the Court accepted that Plaintiffs could not maintain such claims against Defendant Byelick for alleged wrongful actions taken before Defendant Byelick became the Chief Financial Officer of Defendant RYVYL INC. in August, 2022.

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

44. As set forth herein, the Court's earlier dismissal acknowledges explicitly that Plaintiffs have failed to state any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, This situation continues indefinitely into the future. Plaintiffs cannot reasonably represent that this glaring defect could be cured in the future.

**Plaintiffs' Second Amended Complaint Omits Claims Against Byelick**

45. But, as set forth above, Plaintiffs have filed a Second Amended Complaint which omits any claims against Defendant Byelick. **[Dkt. No. 80**]. Plaintiffs thus cannot use Rule 41 in any respect to "convert" or "recharacterize" or "backdate" the March 1, 2024 Order which involuntarily dismissing all Plaintiffs' securities fraud claims against Defendant Byelick into an ersatz "voluntary dismissal."

46. Defendant Byelick has further shown herein that all such claims should be dismissed *with prejudice*, because Plaintiffs cannot ever possibly state, now or in the future, any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, so such claims should have been dismissed without leave to amend because Plaintiffs can not reasonably "backdate" such facts to cure the glaring deficiencies and implausibility of Plaintiffs' claims against Defendant Byelick. *See, e.g.,* Lowe v. Tandem Diabetes Care, Inc., No. 3:23-cv-01657

*Cullen et al v. RYVYL et al, USDC SD CA SD*

(S.D.  Cal. , April 30, 2024); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Cook, Perkins, Liehe v. N. Cal. Collection,  911 F.2d 242, 247 (9th Cir. 1990).

47.     Plaintiffs' request to have the securities fraud claims against Defendant Byelick  be dismissed *without prejudice* must therefore be denied, because any future baseless attempt by the Plaintiffs to accuse Byelick of wrongdoing  in this provocative lawsuit would be futile, without legal basis, improvident, and severely prejudicial to Defendant Byelick as not being based on fact and in contradiction of   the PSLRA, and not made in  good faith, and a waste of the Court's limited resources, as well as  severely damaging, on a continuing basis, to Defendant Byelick and Byelick's professional reputation and his many years as an experienced, qualified, and upstanding  Chief Financial Officer.  *See, e.g.,* Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004); *See, e.g.,* Lowe v. Tandem Diabetes Care, Inc., No. 3:23-cv-01657 (S.D.  Cal. , April 30, 2024); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Cook, Perkins, Liehe v. N. Cal. Collection,  911 F.2d 242, 247 (9th Cir. 1990).

48.     In addition to the simple fact that Plaintiffs can never come up with any set of facts which might reasonably create securities fraud liability for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022, a dismissal without prejudice here would likely be used as a way to do an "end-around" of the heightened pleading standards of the Private Securities Litigation Reform Act in securities actions and contradict the clear mandate from Congress that securities cases should stand or fall **be based on information in the plaintiffs' possession before they file**. *See, e.g.*, Medhekar v. U.S. Dist. Court

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice     17

for the N. Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996) (*citing* 141 Cong. Rec. at H13669, S19151).

49. Any attempt by the Plaintiffs to conjure up a set of facts in the future suggesting securities fraud liability on the part of Defendant Byelick relating to or arising out of events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022 is physically impossible, Because Plaintiffs cannot in the future plead any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA"), Defendant Byelick is entitled to the entry by the   Court of an Order dismissing all Plaintiff's securities fraud claims against Defendant Byelick in the above-styled matter *with prejudice.*

This 23rd day of May, 2024.

**s/  J. DREW BYELICK**
J. DREW BYELICK,
Defendant *pro se*

**7700 Jefferson Circle**
**Colleysville, Texas 76034**
**TEL: (949) 413-4633**

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice      18

## <u>VERIFICATION OF J. DREW BYELICK</u>

COMES NOW, J. Drew Byelick, pro se, defendant in the above-styled matter, and, pursuant to 28 U.S.C. §1746, under penalty of perjury, hereby declares that all statements of fact set forth in the preceding Notice are true and correct.

This 23rd day of May, 2024.

<u>s/ **J. DREW BYELICK**</u>

J. DREW BYELICK,
Defendant *pro se*

**7700 Jefferson Circle**

**Colleysville, Texas 76034**

**TEL: (949) 413-4633**

*Cullen et al v. RYVYL et al, USDC SD CA SD*

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, this is to certify, under penalty of perjury, that   a true and correct copy of the attached and foregoing Motion for Reconsideration been served to all counsel of record via the Court's electronic CM/ECF system.

This 23rd day of May,  2024.

**s/  J. DREW BYELICK**

J. DREW BYELICK,
Defendant  *pro se*

**7700 Jefferson Circle**

**Colleysville, Texas 76034**

**TEL: (949) 413-4633**

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Motion to Reconsider Dismissal of All Claims with Prejudice      20