ROBERT V. PRONGAY (#270796)
  rprongay@glancylaw.com
EX KANO S. SAMS II (#192936)
  esams@glancylaw.com
CHARLES LINEHAN (#307439)
  clinehan@glancylaw.com
PAVITHRA RAJESH (#323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff*
*Scot S. Cook*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CULLEN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RYVYL INC. F/K/A GREENBOX POS, BEN ERREZ, FREDI NISAN, J DREW BYELICK, BENJAMIN CHUNG, EF HUTTON F/K/A KINGSWOOD CAPITAL MARKETS, A DIVISION OF BENCHMARK INVESTMENTS, INC., and R.F. LAFFERTY & CO.,<br><br>Defendants. | Case No.  3:23-cv-0185-GPC-SBC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT J. DREW BYELICK'S MOTION FOR RECONSIDERATION**<br><br>Date:    August 2, 2024<br>Time:    1:30 p.m.<br>Room:    2D<br>Judge:    Hon. Gonzalo P. Curiel |

PLAINTIFF'S OPPOSITION TO DEFENDANT J. DREW BYELICK'S MOTION FOR
RECONSIDERATION
Case No.  3:23-cv-0185-GPC-SBC

## I.    INTRODUCTION

Lead Plaintiff Scot S. Cook ("Lead Plaintiff") hereby opposes Defendant J. Drew Byelick's ("Defendant" or "Byelick" ) "Verified Motion for Reconsideration and Correction of April 25, 2024 Order Which Incorrectly Restates Law of the Case by Converting Involuntary Rule 12(b)(6) Dismissal of Claims as Rule 41(a) Voluntary Dismissal" (Doc. 82) and Defendant's "Verified Motion for Reconsideration and Correction of April 25, 2024 Order Which Incorrectly Restates Law of the Case by Converting Involuntary Rule 12(b)(6) Dismissal of Claims as Rule 41(a) Voluntary Dismissal" (Doc. 81) (collectively "Motion").[1]  The Court should deny Defendant's Motion.

First, the Court's April 25, 2024 Order Dismissing Defendant J. Drew Byelick Without Prejudice ("Order") (Doc. 78) was well-reasoned, comports with applicable controlling authority, and was correctly decided.  As the Court properly held, where a party – such as Plaintiff here – requests dismissal of a party without prejudice, a court should grant voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure unless a defendant can show that defendant will suffer some plain legal prejudice as a result.  The Court correctly held that Defendant had not made this showing.  Moreover, reconsideration of a prior order is generally appropriate only if: (1) the district court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.  None of these factors is present here.

Second, the Court should also deny Defendant's Motion because it constitutes an improper attempt to rehash the same arguments that Defendant previously made, and that the Court previously considered and rejected. *See* Defendant J. Drew Byelick's Verified Opposition to Plaintiffs' [sic] Request for Voluntary Dismissal of

---

[1]    Unless otherwise indicated, all emphasis is added and all internal citations and quotations are omitted.

1

All Claims Against Defendant Byelick Without Prejudice. Doc. 77. The Court cannot grant Defendant's Motion simply because Defendant is dissatisfied with the Court's previous Order. As a result, the Court should deny Defendant's Motion.

## II.    ARGUMENT

### A.    The Court Should Deny Byelick's Motion Because Defendant Has Not Demonstrated That the Court's Order Was Clearly Erroneous, Manifestly Unjust, or That Newly Discovered Evidence or an Intervening Change in Controlling Law Warrants Any Change in the Order

The Court should deny Defendant's Motion because the Court's Order was well-reasoned, comports with applicable controlling authority, and was correctly decided. Initially, the Court recognized that "Plaintiffs and all Defendants except Byelick filed a joint motion for an extension of time to file the second amended complaint, ECF No. 72, and the Court granted it on March 28, 2024, ECF No. 73." Doc. 78 at 2. The Court further noted that "[t]hough the Court's grant of an extension does not clearly apply as to Byelick, it does indicate that Plaintiffs intend to file a second amended complaint, or at the very least that they did not "fail[] to take any action." *Id*. (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004)). The Court reasoned that "[t]hus, there has been no disobedience to a court's order to amend justifying a Rule 41(b) involuntary dismissal." Doc. 78 at 2.

The Court then held that "the Court treats this as a request for voluntary dismissal without prejudice under Rule 41(a) per Plaintiffs' response and request. ECF No. 75." *Id*. at 3. Citing *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023), the Court correctly recognized that "[w]here the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id*. Further relying upon *Kamal*, the Court reasoned that "[l]egal prejudice is prejudice to a legal interest, claim, or argument" and that "[t]he

2

threat of future litigation, the inconvenience of defending against another suit, and even the inconvenience of defending against suit in another forum in which the plaintiff has tactical advantage do not constitute legal prejudice." *Id*. The Court concluded that "[b]ecause Defendant Byelick has shown no more than inconvenience due to the uncertainty of future litigation, the Court GRANTS Plaintiffs' request for voluntary dismissal without prejudice." *Id*.

The Court's Order is clearly supported by controlling authority. Under Rule 41(a)(2), "district courts also enjoy discretion to dismiss claims with or without prejudice." *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 n.6 (9th Cir. 2011), *abrogated on other grounds by Lorenzo v. Sec. & Exch. Comm'n*, 587 U.S. 71 (2019). "Where the request is to dismiss without prejudice, [a] District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id*.; *see also Kamal*, 88 F.4th at 1279 (same); *Smith v. Lenches,* 263 F.3d 972, 974 (9th Cir. 2001) (same); *Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 583 (9th Cir.1987) (same).

"Legal prejudice does not result merely because a defendant will be inconvenienced by potentially having to defend the action in a different forum or because the dispute will remain unresolved." *WPP*, 655 F.3d at 1059 n.6. Indeed, "[u]ncertainty because a dispute remains unresolved is not legal prejudice," and "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Kamal*, 88 F.4th at 1280. Additionally, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice," and "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id*.; *see also Fischman on behalf of Sempra Energy & S. California Gas Co. v. Reed*, No. 16-CV-1006-WQH-AGS, 2017 WL 3337162, at

*1-2 (S.D. Cal. Aug. 4, 2017) (granting plaintiff's request for voluntary dismissal without prejudice because "Defendants have not shown that a dismissal without prejudice would result in legal prejudice").

Moreover, Defendant has not shown that reconsideration is appropriate because "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) [] there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Banks v. ACS Educ.*, No. 10CV1886-GPC (MDD), 2013 WL 12415755, at *1 (S.D. Cal. Oct. 11, 2013), *aff'd,* 638 F. App'x 587 (9th Cir. 2016); *Hylton v. Anytime Towing*, No. 11CV1039-GPC WMC, 2012 WL 5954651, at *1 (S.D. Cal. Nov. 28, 2012). "In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) ***what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application***." *Hylton*, 2012 WL 5954651, at *1; *Cathy v. Palma*, No. 322CV01565GPCJLB, 2023 WL 5310568, at *1 (S.D. Cal. Aug. 17, 2023).

Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark County School Dist.,* 727 F.3d 950, 955 (9th Cir. 2013); *Fay Ave. Properties, LLC v. Travelers Prop. Cas. Co. of Am.*, No. 11CV2389-GPC WVG, 2014 WL 6980248, at *1–2 (S.D. Cal. Dec. 9, 2014). Indeed, "[a] motion for reconsideration should not be granted absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999); *Fay*, 2014 WL 6980248, at *1–2. Thus, "[r]econsideration is an "extraordinary remedy, to be used sparingly in the interests

PLAINTIFF'S OPPOSITION TO DEFENDANT J. DREW BYELICK'S MOTION FOR RECONSIDERATION

Case No.  3:23-cv-0185-GPC-SBC

of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Raiser v. San Diego Cnty.*, No. 19-CV-00751-GPC, 2021 WL 4751199, at *1 (S.D. Cal. Oct. 12, 2021) ("Motions for reconsideration are disfavored and should only be granted in narrow instances.").

Here, Defendant has not shown that the Court's Order was clearly erroneous, manifestly unjust, or that newly discovered evidence or an intervening change in controlling law warrants any change in the Order. The only authority that Defendant cites that could be deemed intervening controlling law – *Stillaguamish Tribe of Indians v. Washington*, 102 F.4th 955 (9th Cir. 2024) – does not demonstrate that the Court's Order was incorrect. Indeed, the issues in *Stillaguamish* were completely different, and, if anything, *Stillaguamish* can be read to undermine Defendant's position since the court held that "[w]e cannot perceive any misapplication of the law of the case in the district court's failure to draw certain inferences" and "[n]or did the court apply an erroneous standard of proof." *Id*. at 960. Although Defendant repeatedly suggests that the Court's Order violates the law of the case (*see, e.g.*, Doc. 81 at 2, 7-8), Defendant's argument is incorrect. The Court held "there has been no disobedience to a court's order to amend justifying a Rule 41(b) involuntary dismissal" because "the Court treats this as a request for voluntary dismissal without prejudice under Rule 41(a) per Plaintiffs' response and request. ECF No. 75." Doc. 78 at 2-3. Additionally, although Defendant purports to provide legal authority supporting his Motion (Doc. 81 at 12), the authority provided relates to the pleading standards for securities class actions, not authority governing motions for reconsideration. Doc. 81 at 12-15. Thus, there is no showing that the Court's Order was clearly erroneous, manifestly unjust, or that newly discovered evidence or an intervening change in controlling law warrants any change in the Order. Thus, the Court should deny Defendant's Motion.

PLAINTIFF'S OPPOSITION TO DEFENDANT J. DREW BYELICK'S MOTION FOR RECONSIDERATION

Case No.  3:23-cv-0185-GPC-SBC

**B.** **The Court Should Deny Defendant's Motion Because it Constitutes an Improper Attempt to Rehash the Same Arguments That Defendant Previously Made, and That the Court Previously Considered and Rejected**

The Court should also deny Defendant's Motion because it constitutes an improper attempt to make the same arguments that the Court has already considered and rejected. Indeed, "a motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *Fay*, 2014 WL 6980248, at *1–2; *see also Heilman v. Cook*, No. 14CV1412 GPC JMA, 2014 WL 3728171, at *2 (S.D. Cal. July 25, 2014) ("A motion for reconsideration cannot be granted merely because [a party] is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision."); *Wargnier v. Nat'l City Mortg. Inc.*, No. 09CV2721-GPC-BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) ("The Court will not reconsider arguments and law that were previously considered and ruled upon by the Court.").

Such is clearly the case here. Defendant is merely attempting to rehash the same arguments that he previously made, and that the Court previously considered and rejected. *Compare* Doc. 77 *with* Docs. 81 and 82. For example, Defendant previously argued that:

> all securities fraud claims asserted by the Plaintiffs herein against Defendant Byelick were previously dismissed by Order dated March 1, 2024 [Dkt. No. 71] and . . . that all such claims should be dismissed with prejudice, because Plaintiffs cannot ever possibly state, now or in the future, any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022.

Doc. 77 at 1-2. The Court, however, already considered and rejected this argument when it issued its Order. Doc. 78. Nevertheless, Defendant makes the

6

exact same argument again – and repeatedly – in his Motion. Doc. 81 at 2-7, 10-11, 13, 16-19. As this Court has declared, "[r]econsideration motions are not intended to give parties a second bite at the apple." *Thibodeau v. ADT Sec. Servs.*, No. 316CV02680GPCAGS, 2018 WL 1791695, at *2 (S.D. Cal. Apr. 16, 2018). "Neither are they devices permitting the unsuccessful party to rehash arguments previously presented." *Id.*; *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L (LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

## III.  CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion

Dated:  June 21, 2024

GLANCY, PRONGAY & MURRAY LLP

By:

/s/ *Ex Kano S. Sams II*
Robert V. Prongay
Ex Kano S. Sams II
Charles Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  info@glancylaw.com

*Attorneys for Lead Plaintiff Scot S. Cook*

PLAINTIFF'S OPPOSITION TO DEFENDANT J. DREW BYELICK'S MOTION FOR RECONSIDERATION

Case No.  3:23-cv-0185-GPC-SBC

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On June 21, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 21, 2024.

*/s/ Ex Kano S. Sams II*
Ex Kano S. Sams II