**J. DREW BYELICK, Defendant** *pro se*

**7700 Jefferson Circle**

**Colleysville, Texas 76034**

**TEL: (949) 413-4633**

## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN  DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

MARK CULLEN et al,

     Plaintiffs,

v.

RYVYL INC. et al,

     Defendants.

CIVIL ACTION

NO.  3:23-cv-0185 GPC-WVG

**DEFENDANT J. DREW BYELICK'S VERIFIED REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION AND CORRECTION OF APRIL 25, 2024 ORDER WHICH INCORRECTLY RESTATES LAW OF THE CASE BY CONVERTING  INVOLUNTARY RULE 12(b)(6) DISMISSAL OF CLAIMS AS RULE 41(a) "VOLUNTARY DISMISSAL"**

Judge:    Hon. Gonzalo P. Curiel

**I.    OVERVIEW - Plaintiff's efforts to recharacterize the March 1, 2024 Order involuntarily dismissing all claims against Defendant Byelick as a "voluntary dismissal" should be denied because any future amendment of Plaintiff's claims against Mr. Byelick are "FUTILE" and cannot be cured by the allegation of other facts.** *See,* Foman v. Davis, 371 U.S. 178, 182 (1962); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Reply in Support of Motion to Reconsider Dismissal    1

was made, **unless** it determines that the pleading could not possibly be cured by the allegation of other facts"); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 893 (9th Cir. 2010) (denial of clearly "futile" amendment will be upheld on appeal).

1. **The March 1, 2024 Order [Dkt. No. 71] GRANTED Defendant Byelick's Motion to Dismiss per Rules 12(b)(6), 9(b) and PSLRA** because Plaintiffs failed to present a "plausible"  basis for their claims against Defendant Byelick for securities fraud violations in connection with actions which allegedly occurred before Defendant Byelick ever acted as Chief Financial officer of Defendant RYVYL INC. in August, 2022.  March 1, 2024 Order [**Dkt. No. 71**]. *See, e.g.,* Squamish Tribe of Indians v. State of Washington, No. 23-35066**,** (9th Cir., May 21, 2024), p. 10; Zucco Partners, LLC v. Digimarc  Corporation, 552 F.3d 981, 989 (9th Cir. 2009); Nguyen v. Endologix, 962 F. 3d , 414 (9th Cir. 2020).

2.      Therefore, because Plaintiffs cannot re-write history to show Defendant Byelick was employed by defendant RYVYL INC. 18 months earlier, any amendment of their Complaint cannot cure the fundamental timing defect inherent in the fact that Mr. Byelick was not a RYVYL officer during the relevant period, and **any future and further amendment of Plaintiff's claims**

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Reply in Support of Motion to Reconsider Dismissal                    2

**against Mr. Byelick are "FUTILE" and cannot be cured by the allegation of**

**other facts.**   *See,* Foman v. Davis, 371 U.S. 178, 182 (1962);  Doe v. United

States, 58 F.3d 494, 497 (9th Cir. 1995)("In dismissing for failure to state a claim,

a district court should grant leave to amend even if no request to amend the

pleading was made, **unless** it determines that the pleading could not possibly be

cured by the allegation of other facts"); Carvalho v. Equifax Info. Servs., LLC,

629 F.3d 876, 893 (9th Cir. 2010) (denial of clearly "futile" amendment will be

upheld on appeal); Ebner v Fresh, 838 F.3d 958, 962-63 (9th Cir. 2016).

  3. Thus, because all allegations of wrongful conduct against

Defendant Byelick set forth in Plaintiff's Amended Complaint relate to actions or

omissions which took place before Defendant Byelick became defendant

RYVYL INC.'s CFO in August, 2022, any future or further amendment of such

Complaint would of necessity be **FUTILE** because it is impossible for Mr.

Byelick to be found liable for wrongful actions or omissions before Mr. Byelick

became RYVYL INC.'s CFO.  March 1, 2024 Order [**Dkt. No. 71**].  Foman v.

Davis, 371 U.S. 178, 182 (1962); *see also,* Carvalho v. Equifax Info. Servs.,

LLC, 629 F.3d 876, 893 (9th Cir. 2010) (denial of clearly "futile" amendment

will be upheld on appeal.)

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Reply in Support of Motion to Reconsider Dismissal   3

4.     The    March 1, 2024 Order **GRANTING** Defendant's Byelick's Rule 12(b)(6) dismissal of all claims Plaintiffs' claims was involuntary, **<u>not</u> <u>voluntary</u>,** with Plaintiffs given leave to amend within thirty (30) days. [**<u>Dkt. No. 71</u>**]**.**

5.     Plaintiffs failed to amend their Complaint against Defendant Byelick within thirty days as required by the Court's March 1, 2024 Order. **[<u>Dkt. No. 71</u>].**

6.     <u>No Rule 41 motion for dismissal of any kind has ever been filed by Plaintiffs in this case; thus, any and all references by the Plaintiffs or the Court to Ninth Circuit case law are inapposite and inapplicable to the facts of this case.</u>

### **<u>Plaintiffs' Second Amended Complaint Omits Claims Against Byelick</u>**

7.     Plaintiffs have filed a Second Amended Complaint which omits any claims against Defendant Byelick. **[<u>Dkt. No. 80</u>**];  Plaintiffs thus cannot use Rule 41 in any respect to "convert" or "recharacterize" or "backdate" the March 1, 2024 Order which involuntarily dismissed all Plaintiffs' securities fraud claims against Defendant Byelick into an ersatz "voluntary dismissal."

8.     Moreover, none of the Ninth Circuit cases cited by the Plaintiffs and the Court relating to the applicability of Rule 41 are on point with respect to

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

a prior involuntary dismissal pursuant to Rule 12(b)(6) for failure to state a claim.

9.      Instead of filing an Amended Complaint which might have asserted colorable  securities fraud claims against Defendant Byelick, Plaintiffs filed only a "Joint Consent Order" to extend the time in which to file an Amended Complaint against all defendants **other** than Defendant Byelick, which "Joint Consent Order" is in the nature of a **FRCP 15** motion for leave to amend, with no reference whatsoever to **FRCP 41**.  **[Dkt. No. 72].**

10.      Under Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given when justice so requires; however, the district court may exercise its discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] **futility of amendment**." Foman v. Davis, 371 U.S. 178, 182 (1962)(emphasis added).

11.      In the Ninth Circuit, it has been repeatedly held that, when a district court denies leave to amend because of **futility of amendment**, such denial will be upheld if "it is clear, upon de novo review, that the complaint

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Reply in Support of Motion to Reconsider Dismissal                    5

would not be saved by any amendment." *See,* Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 893 (9th Cir. 2010)(emphasis added); Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir.2008).

12.    But Plaintiffs' March 26, 2024 "Joint Motion Regarding Filing of Second Amended Complaint" [**Dkt. No. 72]** does not include any form of a Rule 41(a) motion to change or modify the terms of the March 1, 2024 Order [**Dkt. No. 71**] GRANTING Defendant Byelick's motion to involuntarily dismiss all Plaintiffs' securities fraud claims for failure to show a "plausible" **basis for** *scienter,* apart from a footnote stating Plaintiffs do not intend to name Defendant Byelick as a party in such "Second Amended Complaint. **[Dkt. No.72].**

13.    But because all allegations of wrongful conduct against Defendant Byelick set forth in Plaintiff's Amended Complaint relate to actions or omissions which took place before Defendant Byelick became defendant RYVYL INC.'s CFO in August, 2022, any future or further amendment of such Complaint is **FUTILE** because it is impossible for Mr. Byelick to be found liable for wrongful actions or omissions before Mr. Byelick became RYVYL INC.'s CFO.  March 1, 2024 Order [**Dkt. No. 71**]. Foman v. Davis, 371 U.S. 178, 182 (1962)*; see also,* Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 893

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Reply in Support of Motion to Reconsider Dismissal                6

(9th Cir. 2010).

**CONCLUSION**

14.    As set forth herein, the Court's earlier dismissal acknowledges explicitly that Plaintiffs have failed to state any set of facts which satisfy the requirements of Rules 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA") for  asserting securities fraud claims against Defendant Byelick for events that occurred or actions that were taken by others prior to Defendant Byelick becoming Chief Financial Officer of Defendant RYVYL INC. in August, 2022; because this factual posture continues forever, any attempted amendment of Plaintiff's Complaint against Defendant is always and everywhere **FUTILE**.  March 1, 2024 Order [**Dkt. No. 71**]. Foman v. Davis, 371 U.S. 178, 182 (1962); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 893 (9th Cir. 2010) (denial of clearly "futile" amendment will be upheld on appeal); Ebner v Fresh, 838 F.3d 958, 962-63 (9th Cir. 2016);  Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 893 (9th Cir. 2010).

15.    Accordingly, Plaintiffs' request to have their securities fraud claims against Defendant Byelick  be dismissed *without prejudice* must therefore be

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

denied, because any future amendment to accuse Byelick of wrongdoing in this provocative lawsuit would be **FUTILE**, without legal basis, improvident, and severely prejudicial to Defendant Byelick as not being based on fact and in contradiction of the PSLRA, and not made in good faith, and a waste of the Court's limited resources, as well as severely damaging, on a continuing basis, to Defendant Byelick and Byelick's professional reputation and his many years as an experienced, qualified, and upstanding Chief Financial Officer. March 1, 2024 Order [**Dkt. No. 71**]; Foman v. Davis, 371 U.S. 178, 182 (1962); *see also,* Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 893 (9th Cir. 2010); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004); Lowe v. Tandem Diabetes Care, Inc., No. 3:23-cv-01657 (S.D. Cal. , April 30, 2024); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Cook, Perkins, Liehe v. N. Cal. Collection, 911 F.2d 242, 247 (9th Cir. 1990).

This 12th day of July, 2024.

s/ **J. DREW BYELICK**
J. DREW BYELICK,
Defendant *pro se*

**7700 Jefferson Circle**
**Colleysville, Texas 76034**
**TEL: (949) 413-4633**

**VERIFICATION OF J. DREW BYELICK**

*Cullen et al v. RYVYL et al, USDC SD CA SD*

Defendant Byelick's Reply in Support of Motion to Reconsider Dismissal                    8

COMES NOW, J. Drew Byelick, pro se, defendant in the above-styled matter, and, pursuant to 28 U.S.C. §1746, under penalty of perjury, hereby declares that all statements of fact set forth in the preceding Reply Brief are true and correct.

This 12th day of July, 2024.

**s/  J. DREW BYELICK**

J. DREW BYELICK,
Defendant *pro se*

**7700 Jefferson Circle**

**Colleysville, Texas 76034**

**TEL: (949) 413-4633**

**CERTIFICATE OF SERVICE**

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Reply in Support of Motion to Reconsider Dismissal                    9

Pursuant to 28 U.S.C. § 1746, this is to certify, under penalty of perjury, that   a true and correct copy of the attached and foregoing Reply in support of his earlier Motion for Reconsideration been served to all counsel of record via the Court's electronic CM/ECF system.

This 12th day of July,  2024.

**s/  J. DREW BYELICK**

J. DREW BYELICK,
Defendant *pro se*

**7700 Jefferson Circle**
**Colleysville, Texas 76034**
**TEL: (949) 413-4633**

*Cullen et al v. RYVYL  et al, USDC SD CA SD*

Defendant Byelick's Reply in Support of Motion to Reconsider Dismissal                    10