UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CULLEN and SCOT S. COOK, individually and on behalf of all others similarly situated; | Case No.: 3:23-cv-00185-GPC-SBC |
| Plaintiffs, | **ORDER DENYING J. DREW BYELICK'S MOTION FOR RECONSIDERATION** |
| v. | |
| RYVYL INC. F/K/A GREENBOX POS, BEN ERREZ, FREDI NISAN, and BENJAMIN CHUNG, | **[Dkt. Nos. 81-82]** |
| Defendants. | |

Before the Court is *pro se* J. Drew Byelick's ("Byelick") Motion for Reconsideration of the Court's order, (Dkt. No. 78.), granting Plaintiffs' request for voluntary dismissal of Byelick as a defendant without prejudice. (Dkt. Nos. 81-82.) Plaintiffs filed an opposition. (Dkt. No. 84.) Byelick replied. (Dkt. No. 87.) The Court finds the matter suitable for decision based on the papers and VACATES the hearing scheduled for August 2, 2024. Based on the reasoning below, the Court DENIES Byelick's motion.

**Legal Standard**

Under Civil Local Rule 7.1(i)(1), a motion for reconsideration must include "(1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Similarly, but somewhat more narrowly, under Federal Rule of Civil Procedure ("Rule") 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration under Rule 59(e) should be granted sparingly and only in highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

A document filed *pro se* is "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

**Analysis**

Byelick argues that this Court's previous order dismissing him as a defendant without prejudice, (Dkt. No. 78.), was improper and therefore requests that he be dismissed with prejudice. (Dkt. No. 82.) Byelick's argument proceeds as follows: the voluntary dismissal order, (Dkt. No. 78.), incorrectly recharacterized the prior Federal Rule of Civil Procedure Rule ("Rule") 12(b)(6) involuntary dismissal as a Rule 41(a) voluntary dismissal because Plaintiffs failed to timely request voluntary dismissal and it was futile, prejudicial to Byelick, and a waste of court resources to dismiss without prejudice. (Dkt. No. 82 at 9-11.[1])

---

[1] Page numbers are based on the CM/ECF pagination.

2

3:23-cv-00185-GPC-SBC

However, Byelick does not present any new and different facts or circumstances justifying reconsideration, and his claim of legal prejudice is merely restated verbatim from his prior opposition to Plaintiffs' request for voluntary dismissal. (Dkt. No. 77 at 18; Dkt. No. 82 at 17.) Because Byelick failed to present new and different facts or circumstances or a change in controlling law, under Civil Local Rule 7.1 and Rule 59(e) Byelick's motion must fail.[2] *See, e.g., Carroll*, 342 F.3d at 945 (denying a Rule 59(e) motion for reconsideration where there was no new evidence introduced or an intervening change in controlling law); *Faison v. Branstad*, No. 22-CV-1063-MMA-MSB, 2022 WL 4490168, at *2 (S.D. Cal. Sept. 26, 2022) (denying a Civil Local Rule 7.1 and Rule 59(e) motion for reconsideration where the moving party failed to show new and different facts or circumstances); *O'Brien v. Garcia*, No. 3:19-CV-01113-JAH-MDD, 2020 WL 1083400, at *3 (S.D. Cal. Mar. 6, 2020) (same). Furthermore, this Court has already addressed each of Byelick's above arguments in the order dismissing him without prejudice. (Dkt. No. 78.)

Therefore, under both Civil Local Rule 7.1 and Rule 59(e), Byelick did not satisfy the burden of establishing sufficient grounds for reconsideration of the order granting voluntary dismissal without prejudice.

## Conclusion

Based on the above analysis, the Court DENIES Byelick's motion for reconsideration.

**IT IS SO ORDERED.**

---

[2] The four cases Byelick newly cites in his repeated argument of legal prejudice do not establish grounds for reconsideration as they do not present any change in the controlling law or facts or circumstances that were not shown upon prior application. *See O'Brien v. Garcia*, No. 3:19-CV-01113-JAH-MDD, 2020 WL 1083400, at *3 (S.D. Cal. Mar. 6, 2020) (denying a motion for reconsideration where movant merely reargued prior arguments, seemingly disagreed with the court's earlier decision, and failed to point to any change in controlling law).

3:23-cv-00185-GPC-SBC

Dated:  July 30, 2024

Hon. Gonzalo P. Curiel
United States District Judge

3:23-cv-00185-GPC-SBC