Robert V. Prongay (SBN 270796)
Ex Kano S. Sams II (SBN 192936)
Joseph D. Cohen (SBN 155601)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: esams@glancylaw.com
Email: jcohen@glancylaw.com

Counsel for Lead Plaintiff Scot S. Cook and
the Settlement Class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CULLEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RYVYL INC. F/K/A GREENBOX POS, BEN ERREZ, FREDI NISAN, J DREW BYELICK, BENJAMIN CHUNG, EF HUTTON F/K/A KINGSWOOD CAPITAL MARKETS, A DIVISION OF BENCHMARK INVESTMENTS, INC., and R.F. LAFFERTY & CO.,<br><br>Defendants. | Case No. 3:23-cv-0185-GPC-SBC<br><br>**CORRECTED REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES[1]**<br><br>Hearing Date: December 19, 2025<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 12A<br>Judge: Hon. Gonzalo P. Curiel |

---

[1] The Reply Brief filed on December 5, 2025 (ECF No. 117), inadvertently failed to include the exhibit thereto.

# TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................................1

II.    ARGUMENT ........................................................................................................3

     A.    The Positive Reaction of the Settlement Class Supports Approval of the Settlement and Plan of Allocation ...............................................3

     B.    The Settlement Class's Reaction Supports Approval of the Plan of Allocation ................................................................................................5

     C.    The Settlement Class's Reaction Supports Approval of the Fee and Expense Application ...............................................................................6

III.   CONCLUSION ....................................................................................................7

## TABLE OF AUTHORITIES

<u>CASES</u>

*Ching v. Siemens Indus., Inc.*,
   2014 WL 2926210 (N.D. Cal. June 27, 2014)............................................................3

*Citigroup Inc. Bond Litig.*,
   296 F.R.D. 147 (S.D.N.Y. 2013) ..............................................................................4

*Cortez v. Vieira Custom Chopping, Inc.*,
   2020 WL 4369101 (E.D. Cal. July 20, 2020)............................................................4

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..............................................................................3, 4

*In re Apollo Grp. Inc. Sec. Litig.*,
   2012 WL 1378677 (D. Ariz. Apr. 20, 2012)..............................................................4

*In re Banc of California Sec. Litig.*,
   2020 WL 1283486 (C.D. Cal. Mar. 16, 2020) ..........................................................6

*In re ECOtality, Inc. Sec. Litig.*,
   2015 WL 5117618 (N.D. Cal. Aug. 28, 2015)..........................................................3

*In re Extreme Networks, Inc. Sec. Litig.*,
   2019 WL 3290770 (N.D. Cal. July 22, 2019) ...........................................................4

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005)...........................................................5

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. May 31, 2007)......................................................6

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008).................................................................4, 6

*In re Signet Jewelers Ltd. Sec. Litig.*,
   2020 WL 4196468 (S.D.N.Y. July 21, 2020)...........................................................2

*In re Stable Rd. Acquisition Corp. Sec. Litig.*,
   2024 WL 3643393 (C.D. Cal. Apr. 23, 2024)..........................................................6

CORRECTED REPLY MEMORANDUM

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
2019 WL 2077847 (N.D. Cal. May 10, 2019)..........................................................5

*Kendall v. Odonate Therapeutics, Inc.*,
2022 WL 1997530 (S.D. Cal. June 6, 2022) ..........................................................7

*Khoja v. Orexigen Therapeutics, Inc.*,
2021 WL 5632673 (S.D. Cal. Nov. 30, 2021)..........................................................4

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) ..........................................................3

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
2013 WL 6577020 (C.D. Cal. Dec. 5, 2013)..........................................................4

*Mauss v. NuVasive, Inc.*,
2018 WL 6421623 (S.D. Cal. Dec. 6, 2018) ..........................................................5

*Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004)..........................................................3

*Patel v. Axesstel, Inc.*,
2015 WL 6458073 (S.D. Cal. Oct. 23, 2015)..........................................................6

*Ressler v. Jacobson*,
149 F.R.D. 651 (M.D. Fla. Dec. 15, 1992)..........................................................3

*Waldbuesser v. Northrop Grumman Corp.*,
2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) ..........................................................6

Court-appointed lead plaintiff Scot S. Cook ("Lead Plaintiff"), and his counsel, Glancy Prongay & Murray LLP ("Lead Counsel"), respectfully submit this memorandum in further support of: (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 114, 116); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 115, 116; the "Fee and Expense Application").[2]

## I.    INTRODUCTION

Pursuant to the Court's August 20, 2025, Order: (1) Provisionally Approving Certification of the Proposed Settlement Class; (2) Appointing Class Counsel; (3) Conditionally Approving the Proposed Notice Form and Method of Notice; (4) Approving Lead Plaintiff's Plan of Allocation; [and] (5) Granting Preliminary Approval of Class Action Settlement, dated August 20, 2025 (ECF No. 112; "Preliminary Approval Order"), approximately 38,425 copies of the Court-approved Postcard Notice, Notice Packet (consisting of the Notice and Claim Form), or links to the Notice and Claim Form, were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[3]  In addition, the Court-appointed Claims Administrator, Simpluris, Inc. ("Simpluris"): (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over

---

[2] Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 9, 2025 (the "Stipulation"; ECF No. 106-3), or the Declaration of Ex Kano S. Sams II in Support of (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 116).

[3] *See* Supplemental Declaration of Jacob Kaminer Concerning: (A) Mailing/Emailing of Notice; (B) Publication of the Summary Notice; (C) Report on Requests for Exclusion and Objections; (D) Claims; and (E) Notice and Administration Costs (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto) ¶¶4-5.

*PR Newswire* on September 22, 2025,[4] and (ii) the Notice, Claim Form, Stipulation, Preliminary Approval Order, and the Third Amended Complaint, among other important case-related documents, to be posted on the Settlement Website (www.RyvylSecuritiesSettlement.com). *See* Initial Mailing Decl. ¶16. The Postcard Notice, Notice, Summary Notice, and Settlement Website informed Settlement Class Members of the November 28, 2025, deadline to: (i) submit an objection to the Settlement, Plan of Allocation, and/or Fee and Expense Application; or (ii) request exclusion from the Settlement Class. *See id.* ¶¶13 & 18-19, & Exs. A, B and D.

On November 13, 2025, Lead Plaintiff and Lead Counsel filed their opening papers in support of final approval of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. The motions are supported by the declarations of Lead Plaintiff, Lead Counsel, and the Claims Administrator. These papers are available on the public docket and on the Settlement Website. *See* ECF Nos. 114-116; Suppl. Mailing Decl. ¶17.

Following this extensive notice process, ***not one*** Settlement Class Member has: (i) objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application; or (ii) requested exclusion from the Settlement Class. *See id.* ¶¶18-19. The absence of any objections and opt-outs by Settlement Class Members provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *id.* at *21 ("The absence of any objections to the requested attorneys'

---

[4] *See* ECF No. 116-2 (Declaration of Jacob Kaminer Concerning: (A) Mailing/ Emailing of Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Initial Mailing Decl.")), ¶13 & Ex. E.

fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request."); *In re ECOtality, Inc. Sec. Litig.*, 2015 WL 5117618, at *3 (N.D. Cal. Aug. 28, 2015) ("After receiving notice of the proposed settlement, class members in this suit have been silent.  As a result, this factor weighs heavily in favor of approval.").[5]

For all the reasons set forth herein, and in the opening papers filed with the Court on November 13, 2025, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.

## II.    ARGUMENT

### A.    The Positive Reaction of the Settlement Class Supports Approval of the Settlement and Plan of Allocation

In this Circuit, "the reaction of the class members to the proposed settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate.  *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (same). "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."  *Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) ("the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.").

---

[5] Unless otherwise indicated, all internal quotations and citations are omitted.

Here, the lack of a single objection to, or request for exclusion from, the Settlement demonstrates that the proposed Settlement is fundamentally fair, reasonable, and adequate. *See, e.g.*, *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at *7 (S.D. Cal. Nov. 30, 2021) ("Considering the number of Notice Packets mailed to potential Class Members and the fact that zero objections have been filed, the Court finds that the reaction of the Class Members to the Settlement weighs in favor of approving the Settlement.").[6]

Moreover, the fact that no institutional investors or other large shareholders have objected to the proposed Settlement further underscores its reasonableness. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (finding "class's reaction weighs heavily in favor of approval" where "not one of the objections or requests for exclusion was submitted by an institutional investor.").

---

[6] *See also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (that the "overwhelming majority" stayed in the class is "objective positive commentary as to its fairness"); *Cortez v. Vieira Custom Chopping, Inc.*, 2020 WL 4369101, at *6 (E.D. Cal. July 20, 2020) ("The lack of objections or class members opting out of the settlement suggests general approval of the settlement by the class."); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2013 WL 6577020, at *16 (C.D. Cal. Dec. 5, 2013) (69 exclusion requests in response to mailing of over 50,000 notices supports settlement).

Settlement Class Members' affirmative participation in the Settlement by submitting claims also indicates a positive reaction to the Settlement. The claims filing deadline is not until December 27, 2025, but as of December 2, 2025, approximately 104 Claims had already been submitted by potential Settlement Class Members seeking to participate in the Settlement. Supp. Mailing Decl. ¶21. In Simpluris' experience "the vast majority of claims in this Action will be filed at or near the deadline." *Id*. This is because most institutional investors, brokers, and other nominees typically file Claims electronically at or near the claims filing deadline.[7]

**B.     The Settlement Class's Reaction Supports Approval of the Plan of Allocation**

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Heritage Bond Litig.*, 2005 WL 1594403, at *12 (C.D. Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate."); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (only one objection and 16 opt outs "supports [conclusion] that the settlement and plan of allocation are fair, reasonable, and adequate.").

---

[7] Lead Counsel will provide the Court with a further update on the status of claims at the December 19, 2025, Settlement Hearing. Moreover, once the claims administration process is complete, Simpluris will submit a declaration in conjunction with Lead Counsel's Motion for Class Distribution Order, which will set forth the final accepted and rejected claim numbers. *See* Stipulation ¶33.

**C.    The Settlement Class's Reaction Supports Approval of the Fee and Expense Application**

Finally, the reaction of the Settlement Class should be considered with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including the request that Lead Plaintiff be reimbursed for the costs incurred as a direct result of his representation of the Settlement Class. *See In re Stable Road Acquisition Corp. Sec. Litig.*, 2024 WL 3643393, at *14 (C.D. Cal. Apr. 23, 2024) ("the existence or absence of objectors to the requested attorneys' fee is a factor is determining the appropriate fee award."); *Omnivision*, 559 F. Supp. 2d at 1048 ("The reaction of the class may also be a determining factor in … determining the fee award.").

Here, the absence of any objections from Settlement Class Members to the Fee and Expense Application supports a finding that the request is fair and reasonable. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. May 31, 2007) ("the lack of objection from any Class Member supports the attorneys' fees award."); *In re Banc of California Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding 33% of $19.75 million settlement fund where "over 35,000 copies of the Notice were disseminated to potential Class Members … and no objections to the fees or expenses were filed by Class Members."); *Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) (finding receipt of only two objections to fee request, after mailing 210,000 notices, was "remarkably small given the wide dissemination of notice," and "conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the [$16.5 million] settlement fund."); *Omnivision*, 559 F. Supp. 2d 1036, 1049 (awarding lead plaintiffs $29,913.80 from the settlement fund in securities class action where class members were provided notice and "no one objected."); *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at *9 (S.D. Cal. Oct. 23, 2015) (finding a $3,000

PSLRA award to lead plaintiff reasonable and noting "the lack of any objection from the class members.").[8]

In sum, the complete absence of objections and opt-outs strongly militates in favor of a finding that: (i) the Settlement is fair, reasonable, and adequate; (ii) the proposed Plan of Allocation is fair and equitable; and (iii) Lead Counsel's Fee and Expense Application is fair and reasonable.

## III.   CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiff and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 25% of the Settlement Fund, plus Lead Counsel's out-of-pocket expenses in the amount of $70,288.11; and (iii) award $5,000 to Lead Plaintiff Scot S. Cook as reimbursement for time spent representing the Settlement Class.

The Settlement is conditioned on the entry of the [Proposed] Judgment. *See* Stipulation ¶¶37, 38(e), 41; Ex. B. A conformed version of the [Proposed] Judgment, which incorporates the relevant dates and lack of objections requests for exclusion, is submitted concurrently herewith, along with a [Proposed] Order Approving Plan of Allocation of Net Settlement Fund, and a [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses. Lead Plaintiff and Lead Counsel respectfully request that the Court enter the accompanying proposed orders.

---

[8] *See also NECA-IBEW Pension Trust Fund et al. v. Precision Castparts Corp., et al.*, No. 16-cv-01756, ECF No. 169 at 1-2 (D. Or. May 7, 2021) (awarding 33.3% of $21 million settlement fund where "no objections to the fees or expenses were filed by Class Members."); *Kendall v. Odonate Therapeutics, Inc.*, 2022 WL 1997530, at *6 (S.D. Cal. June 6, 2022) (awarding 33⅓% of $12.75 million settlement fund and $5,000 to Lead Plaintiff in securities class action where "no objections to the settlement or requested attorneys' fees, costs, or incentive award have been filed.").

DATED:  December 9, 2025          **GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Ex Kano S. Sams II*

Robert V. Prongay
Ex Kano S. Sams II
Joseph D. Cohen
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: esams@glancylaw.com
Email: jcohen@glancylaw.com

*Counsel for Lead Plaintiff Scot S. Cook and the Settlement Class*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I hereby certify that on this 9th day of December, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Ex Kano S. Sams II*
Ex Kano S. Sams II
