ROBERT V. PRONGAY (SBN 270796)
Ex Kano S. Sams II (SBN 192936)
Joseph D. Cohen (SBN 155601)
**GLANCY PRONGAY WOLKE & ROTTER LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: esams@glancylaw.com
Email: jcohen@glancylaw.com

*Attorneys for Lead Plaintiff
Scot S. Cook and the Settlement Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CULLEN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RYVYL INC. F/K/A GREENBOX POS, BEN ERREZ, FREDI NISAN, J DREW BYELICK, BENJAMIN CHUNG, EF HUTTON F/K/A KINGSWOOD CAPITAL MARKETS, A DIVISION OF BENCHMARK INVESTMENTS, INC., and R.F. LAFFERTY & CO.,<br><br>Defendants. | Case No. 3:23-cv-0185-GPC-SBC<br><br>**JOINT MOTION REGARDING:**<br><br>**(1) MODIFICATION OF THE STIPULATION AND AGREEMENT OF SETTLEMENT (ECF NO. 106-3); AND**<br><br>**(2) AMENDMENT TO THE COURT'S ORDER DATED DECEMBER 22, 2025 (ECF NO. 122)**<br><br>Room: 2D<br>Judge: Hon. Gonzalo P. Curiel |

JOINT MOTION RE: (1) MODIFICATION OF SETTLEMENT AGREEMENT; AND (2) AMENDMENT TO DECEMBER 22, 2025 ORDER
Case No. 3:23-cv-0185-GPC-SBC

Court-appointed lead plaintiff Scot S. Cook ("Lead Plaintiff") and defendants RYVYL Inc., Ben Erraz, Fredi Nisan, and Benjamin Chung (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties"), through their undersigned counsel, respectfully request the Court: (1) accept their modification of the Stipulation and Agreement of Settlement dated July 9, 2025 (the "Stipulation"; ECF No. 106-3); and (2) amend the Court's December 22, 2025 Order: (1) Granting Lead Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement; (2) Granting Final Certification of the Settlement Class; [and] (3) Granting Lead Plaintiff's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "December 22, 2025 Order"; ECF No. 122) to grant the request for exclusion submitted by Gail A. Diffendorfer.[1]  Accordingly, the Parties hereby stipulate and agree as follows:

WHEREAS, the Parties reached an agreement to settle all claims in the Action, which was memorialized in the Stipulation;

WHEREAS, the Court's December 22, 2025 Order provided, with respect to modification of the Stipulation, that:

> Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  The parties are directed to notify the Court of any amendments or modifications within seven (7) days of such actions.

---

[1] Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation.

2
JOINT MOTION RE: (1) MODIFICATION OF SETTLEMENT AGREEMENT; AND (2) AMENDMENT TO DECEMBER 22, 2025 ORDER

Case No.  3:23-cv-0185-GPC-SBC

ECF 122 at p.36, ¶15.

WHEREAS, in order to facilitate the sale of the Settlement Shares, Defendants agreed to remove the per-day sale limit set forth in the Stipulation (¶12), and allow Lead Counsel to sell the Settlement Shares in blocks of up to 10,000 shares, provided, however, that the minimum sale price would not be below $6.50 per share.[2]

WHEREAS, pursuant to the modification Lead Counsel was able to sell the unsold Settlement Shares and is pleased to inform the Court that the proceeds of the sales ($778,297.03), when added to Cash Settlement Amount (*i.e.*, $300,000), total $1,078,297.03.

WHERAS, the Court-appointed Claims Administrator, Simpluris, recently notified Lead Counsel that:

> We had an investor submit three opt outs, one for herself and two as the "custodian" for other investors. The opt out for herself does appear to meet all the requirements. The opt outs that she submitted and referred to herself as the "custodian" were not submitted with any supporting documentation demonstrating a relationship or her capacity as the "custodian." Unfortunately, due to an internal processing error, these were mislabeled and that is why they were only recently discovered.

---

[2] Paragraph 12 of the Stipulation provides, in pertinent part:

> Defendants agree that Lead Counsel, in their sole discretion, may sell the Settlement Shares at any time after delivery of the Settlement Shares to generate and distribute cash rather than having to distribute Settlement Shares to the Settlement Class. The number of Settlement Shares that can be sold in a single day shall be limited to the greater of 15% of the three-month trailing average of the stock's trading volume or 15% of the actual trading volume on the prior trading day, both of which will be determined by *Bloomberg*.

WHEREAS, redacted copies of the opt out requests were previously submitted to the Court. ECF No. 124-1.

WHEREAS, the Parties have met and conferred, and believe that the Court should exclude Gail A. Diffendorfer from the Settlement, but deny the opt outs with respect to Ms. Havah Leighton Pigg and Mr. Braydon Thomas Byrne as these requests for exclusion contained no documentation supporting Ms. Diffendorfer's claim of being a custodian for Ms. Pigg and Mr. Byrne.

NOW, THEREFORE, the Parties hereby stipulate, agree, and respectfully request that the Court enter the accompanying [Proposed] Order, which provides:

(1) the Parties agreed upon modification of the per-day sale limit set forth in the Stipulation (¶12), which allowed for Lead Counsel to sell the Settlement Shares in blocks of up to 10,000 shares, provided, however, that the minimum sale price would not be below $6.50 per share, is approved; and

(2) the Court's December 22, 2025 Order is amended to provide that Gail A. Diffendorfer's request for exclusion from the Settlement Class is granted, and Ms. Diffendorfer's requests for the exclusion of Ms. Havah Leighton Pigg and Mr. Braydon Thomas Byrne are denied.

Dated: February 5, 2026

GLANCY, PRONGAY WOLKE & ROTTER LLP

By: /s/ *Ex Kano S. Sams II*
Robert V. Prongay
Ex Kano S. Sams II
Joseph D. Cohen
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: esams@glancylaw.com
Email: jcohen@glancylaw.com

| | |
|---|---|
| | *Attorneys for Lead Plaintiff*<br>*Scot S. Cook and the Settlement Class* |
| Dated: February 5, 2026 | MINTZ, LEVIN, COHN, FERRIS,<br>GLOVSKY AND POPEO, P.C. |
| By: | */s/ Sean T. Prosser*<br>Sean T. Prosser<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, CA 92130<br>Telephone: (858) 314-1500<br>Fax: (858) 314-1501<br>Email: STProsser@mintz.com |
| | *Attorneys for Defendants,*<br>*RYVYL Inc., Ben Errez, Fredi Nisan, and*<br>*Benjamin Chung* |

5

JOINT MOTION RE: (1) MODIFICATION OF SETTLEMENT AGREEMENT; AND (2) AMENDMENT TO DECEMBER 22, 2025 ORDER

Case No. 3:23-cv-0185-GPC-SBC

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Southern District of California's CM/ECF Administrative Policies and Procedures Manual, I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in this filing's content.

Dated: February 5, 2026        */s/ Ex Kano S. Sams II*
                               Ex Kano S. Sams II

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On February 5, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 5, 2026, at Los Angeles, California.

*/s/ Ex Kano S. Sams II*
Ex Kano S. Sams II