# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CULLEN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RYVYL INC. F/K/A GREENBOX POS, BEN ERREZ, FREDI NISAN, J DREW BYELICK, BENJAMIN CHUNG, EF HUTTON F/K/A KINGSWOOD CAPITAL MARKETS, A DIVISION OF BENCHMARK INVESTMENTS, INC., and R.F. LAFFERTY & CO.,<br><br>Defendants. | Case No.  3:23-cv-0185-GPC-SBC<br><br><br>**ORDER APPROVING MODIFICATION OF STIPULATION; AMENDING FINAL APPROVAL ORDER, ECF NO. 122.**<br><br><br>[ECF NOS. 124, 125] |

Before the Court is the Parties' joint motion to modify the Stipulation and Agreement of Settlement and amend the Court's December 19, 2025, final approval order. ECF Nos. 124, 125.

## I. Motion to Modify Stipulation and Agreement of Settlement

In its order granting final approval of the Class Action Settlement, the Court ordered that parties to notify the Court of any amendments to the Stipulation, ECF

1

No. 106-3, that are not materially inconsistent with the judgment and do not materially limit the rights of the Settlement Class Members. ECF No. 122, at 36.

The Parties have informed the Court that they have agreed to remove the per-day sale limit set forth in the Stipulation, ECF No. 106-3, ¶ 12, and modify the Stipulation to allow Lead Counsel to sell the Settlement Shares in blocks of up to 10,000 shares, provided that the minimum sale price would not be below $6.50 per share. ECF No. 124, at 2-3.

The Court **APPROVES** this modification.

## II.    Motion to Amend Final Approval Order

The Parties next ask the Court to amend its December 19, 2025, order granting final approval of the class action settlement. ECF No. 122.

The Parties have informed the Court of three opt out requests submitted by potential Settlement Class Members which were not made available to the Parties or the Court prior to approval of the Settlement. ECF No. 124, at 3.

In its order provisionally approving certification of the proposed Settlement Class, ECF No. 114, this Court ordered as follows regarding potential Settlement Class Members seeking exclusion from the Class:

> 14. Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received by, or postmarked no later than, 21 calendar days prior to the Settlement Hearing, at the following address: Ryvyl Securities Settlement, EXCLUSIONS, c/o Claims Administrator, P.O. Box 25419, Santa Ana, CA 92799, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in Cullen v. Ryvyl

2

Inc. et al., Case No. 2:23-cv-00185-GPC-SBC"; (iii) state the number of shares of publicly traded Ryvyl and Greenbox POS common stock that the person or entity requesting exclusion purchased and sold during the Settlement Class Period, as well as the dates and price of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received by, or postmarked within, the time stated above or is otherwise accepted by the Court.

ECF No. 114, at 37-38.

The Court has now learned that Ms. Gail Diffendorfer timely submitted three requests for exclusion—one on her own behalf and two on behalf of others. *See* ECF No. 124-1.

As to her own exclusion request, Ms. Diffendorfer has satisfied the requirements of the order. She provided the necessary information, requested exclusion from the class, provided the number of shares purchased and sold during the settlement period, and signed the request. ECF No. 124-1, at 3. Thus, Ms. Diffendorfer sufficiently requested exclusion from the Settlement Class, and her request for exclusion is granted.

Ms. Diffendorfer submitted two additional opt out requests "as custodian for" other individuals—Ms. Havah Leighton Pigg and Mr. Braydon Thomas Byrne. *See* ECF No. 124-1, at 9, 13. However, Ms. Diffendorfer provides no information or documentation supporting her allegation that she is "custodian" for these two individuals with the authority to make such a request on their behalf. *See*, *e.g.*, ECF No. 124-1, at 9, 13. This conclusory statement is insufficient to demonstrate that Ms. Diffendorfer is an "authorized representative" as required by the Court's order, ECF No. 114, at 37.  Thus, Ms. Diffendorfer's requests for exclusion of Mr. Byrne and Ms. Pigg are denied.

3

Accordingly, the Court **AMENDS** its December 19, 2025, Order, ECF No. 122, as follows:

- Where the Court included language indicating that no potential Settlement Class Members had requested exclusion from the class, ECF No. 122, at 7, 18, 21, the Court **ORDERS** that such language is modified to reflect that three potential Settlement Class Members requested exclusion from the class.

- Additionally, the Court amends Section I(F)(1) – Reaction of the Settlement Class, to read as follows (modifications in bold):

> An overwhelmingly positive reaction of class members to a proposed settlement significantly weighs in favor of the settlement's adequacy. *Delacruz v. CytoSport, Inc.*, No. 4:11-CV-03532-CW, 2014 WL 12648451, at *7 (N.D. Cal. Jul. 1, 2014). Indeed, "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms . . . are favorable to the class members." *See In re Omnivision Techs, Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (finding only three objections out of 57,630 potential class members weighing in favor of the settlement's adequacy).

> The deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, or application for attorney's fees, or to request exclusion from the Settlement Class was November 28, 2025. ECF No. 116, at 70. Among the almost 39,000 copies of the Notice sent to potential class members and nominees, no Settlement Class Member has objected to the Settlement **and only three have requested** exclusion from the Settlement Class. ECF No. 119, at 6. **Of the requested exclusions, the Court grants exclusion as to Ms. Gail A. Diffendorfer and denies exclusion as to Ms. Havah Leighton Pigg and Mr. Braydon Thomas Byrne.**

> **The lack of objections and small number of exclusion requests indicate** that the Settlement terms are considered fair, reasonable, and adequate from class members'

4

perspective. *See Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at 529 (noting no objection nor request for exclusion from the Settlement as "compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate"); *see also*, *e.g.*, *Ali v. Franklin Wireless Corp.*, No. 21-CV-00687-AJB-MSB, 2024 WL 5179910, at *8 (S.D. Cal. Dec. 19, 2024); *Derr v. Ra Medical Sys., Inc.*, No. 19-cv-1079-LAB-AHG, 2022 WL 21306534, at *6 (S.D. Cal. Sept. 23, 2022); *Kendall v. Odonate Therapeutics, Inc.*, No. 3:20-CV-01828-H-LL, 2022 WL 1997530, at *6 (S.D. Cal. June 6, 2022).

Though the changes will not be reflected in the text of the docketed order, ECF No. 122, the modifications identified herein constitute official amendments to the order that will be binding on all Parties.

**IT IS SO ORDERED.**

Dated: February 9, 2026

_____
Hon Gonzalo P. Curiel
United States District Judge